**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

MELISSA COMPERE, on behalf of herself and
others similarly situated,

    Plaintiff,

vs.

NUSRET MIAMI, LLC d/b/a Nusr-et
Steakhouse, a Florida limited liability company,
and NUSRET GOKCE, an individual,

    Defendants.
_____/

**COLLECTIVE ACTION COMPLAINT**

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiff MELISSA COMPERE ("Ms. Compere" or "Plaintiff"), on behalf of herself and others similarly situated, who were employees of Defendants NUSRET MIAMI, LLC d/b/a Nusr-et Steakhouse, a Florida limited liability company, and NUSRET GOKCE, an individual (together, "Defendants"), and files this Collective Action Complaint for unpaid minimum wage compensation, unpaid overtime wage compensation, liquidated damages, return of tips wrongfully taken, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), and for a declaration of rights.

### I. JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendants transact business in this District; because all wages were earned and due to be paid in this District; because Defendants' restaurant is situated in this District; and because most, if not all, of the operational decisions were made in this District.

1

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

2. This Court has original jurisdiction over Plaintiff's federal question claims.

## II.     PARTIES

3. Plaintiff MELISSA COMPERE ("Ms. Compere") is over 18 years old and was a *sui juris* resident of Miami-Dade County, Florida, at all times material. Ms. Compere was an hourly, non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Defendant NUSRET MIAMI, LLC is a Florida limited liability company that has owned and operated the Nusr-et Steakhouse ("Nusr-et Steakhouse"), located at 999 Brickell Avenue, Unit 103, Miami, Florida.

5. Defendant NUSRET GOKCE ("Gokce"), an individual and *sui juris*, was a manager, chef and employer at Nusr-et Steakhouse, the restaurant at which Plaintiff was employed. Gokce is widely known through a series of internet videos and memes and is popularly known by the nickname "Salt Bae." Gokce acted directly and indirectly in the interest of Nusr-et Steakhouse. Gokce managed Nusr-et Steakhouse and had the power to direct employees' actions.  Gokce had management responsibilities, degree of control over Nusr-et Steakhouse's financial affairs and compensation practices, and was in a position to exert substantial authority over policy relating to employee wages and whether to compensate (or not to compensate) employees at the Nusr-et Restaurant in accordance with the FLSA making Defendant Nusret Gokce an employer pursuant to 29 USC § 203(d).

## III.     COVERAGE

6. During all material times, Defendant NUSR-ET MIAMI, LLC d/b/a Nusr-et Steakhouse was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s), in that it was engaged in commerce or in the production of goods for commerce within the meaning

2

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

7. During all material times, Nusr-et Steakhouse prepared food items that included ingredients that had crossed state lines.

8. During all material times, NUSR-ET MIAMI, LLC employed two or more people that prepared food items that included ingredients that had crossed state lines.

9. During all material times, Defendant NUSR-ET MIAMI, LLC was an employer as defined by 29 U.S.C. § 203(d).

10. During all material times, Defendant GOKCE was an employer as defined by 29 U.S.C. § 203(d).

11. Defendants are joint employers under 29 C.F.R. 791.2(b)(3) because the Defendants are not completely disassociated with respect to the employment of Plaintiff, and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under the common control with the other employer.

12. During all material times, NUSR-ET MIAMI, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. During all material times, NUSR-ET MIAMI, LLC employed two or more people.

## IV.  FACTUAL ALLEGATIONS

14. The relevant time period for this action under the FLSA is a maximum of three years prior to date of filing ("Relevant Time Period").

3

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

15. Throughout the Relevant Time Period, Defendants operated a restaurant known as the Nusr-et Steakhouse ("Nusr-et Steakhouse"), located at 999 Brickell Avenue, Unit 103, Miami, Florida.

16. Ms. Compere worked as a tipped employee (drink runner, cocktail server, and restaurant server) for Defendants from September, 2017 through November, 2018.

17. During the Relevant Time Period, the applicable Florida minimum wage was $8.10 per hour in 2017 and $8.25 in 2018.

18. During the Relevant Time Period, the applicable overtime wage was one-and-a-half times Ms. Compere's regular rate of pay.

19. Under the FLSA, if an employer satisfies the requirements of 29 U.S.C. 203(m), it may apply a portion of a tipped employee's tips (this portion known as the "tip credit") up to a maximum of $3.02 per hour in Florida towards satisfaction of its obligation to pay its employees the minimum wage. This tip credit may apply to both regular and overtime hours worked. The burden is on the employer to prove they are entitled to apply the tip credit.

20. To utilize the tip credit under the FLSA, the employer must pay its tipped employees the proper minimum and overtime wage for tipped employees and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either requirement, it may not take advantage of the tip credit and must pay its tipped employees the full applicable minimum and overtime wage.

21. Tips are the property of the employee who receives them.

22. At Nusr-et Steakhouse, an automatic gratuity was added to customer checks.

4

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

23. Defendants will claim that the automatic gratuity paid to Plaintiff by customers of Nusr-et Steakhouse are actually "service charges," which they claim allows the owners to take this money for themselves without their customers' knowledge.

24. Servers were instructed to tell their customers that "the gratuity is already included" when customers would ask if the server was receiving the "service charge" included in the check.

25. In fact, there was no valid service charge at Nusr-et Steakhouse during Plaintiff's employment, and these automatic gratuities given by customers were tips under the law and therefore the property of the tipped employee.

26. In addition, Plaintiff and others similarly situated were required to turn in all of their cash tips to a cashier and these tips were shared with non-tipped employees.

27. Defendants commingled the automatic gratuities and the additional tips into a single tip pool.

28. Throughout a portion of her employment as a tipped employee at Nusr-et Steakhouse, the Defendants claimed the tip credit even though Ms. Compere and others similarly situated were required to share their tips with non-tipped employees such as polishers, coffee makers, and management.

29. Throughout the majority of her employment as a tipped employee at Nusr-et Steakhouse, Ms. Compere and others similarly situated were not paid any hourly wage at all but instead were only paid a share of the tips collected.

30. Ms. Compere and other servers were required to bring their cash tips to the cashier and these tips were held until tips were paid out bi-weekly.

31. Along with tipped employees, non-tipped employees such as coffee makers (who have no customer contact), sushi makers (who have no customer contact), polishers (who have no customer contact), and management participate in the tip pool.

5

32. Defendants deduct a 3% credit card fee from credit card sales and from cash sales, and retain that money.

33. Ms. Compere was required to pay for impermissible business expenses, such as the purchase and maintenance of required work uniform items.

34. Ms. Compere was required to perform non-tip-producing sidework for 20% or more of her work time.

35. Throughout her employment, Plaintiff regularly worked in excess of forty (40) hours per seven-day week.

36. Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 2017(a)(1), and 215(a).

37. As the result of the above violations, Defendants did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and thus cannot apply Plaintiff's tips towards satisfaction of Defendants' minimum and overtime wage obligation, and must therefore pay Plaintiff the full minimum wage for each regular hour worked and the overtime wage for each overtime hour worked.

38. Because of the institution and maintenance of the illegal tip credit violations, and the lack of notice required, Defendants willfully engaged in practices that denied Plaintiff her applicable minimum and overtimes wages under the FLSA.

39. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

6

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201,</u> *et seq*

40. Plaintiff reincorporates and re-alleges paragraphs 1 through 39 as though set forth fully herein and further alleges as follows:

41. Plaintiff was employed by Defendants under the FLSA.

42. Defendants suffered or permitted Plaintiff to work while not paying her the required minimum wage for hours worked up to forty per workweek.

43. Defendants required Plaintiff to share her tips with non-tipped employees.

44. Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

45. By suffering or permitting Plaintiff to work while paying her below the minimum wage and requiring her to share her tips with non-tipped employees, Defendants owe Plaintiff the full minimum wage for each hour worked up to forty hours in a workweek plus return of tips wrongfully taken.

46. As a direct and proximate result of suffering or permitting Plaintiff to work while paying her below the minimum wage and requiring her to share her tips with non-tipped employees, Plaintiff has been damaged for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff MELISSA COMPERE demands judgment in her favor and against Defendants NUSR-ET MIAMI, LLC and NUSRET GOKCE, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked up to forty per workweek at the full Florida minimum wage;

b) Award to Plaintiff of all tips wrongfully taken by Defendants;

    c) Award to Plaintiff liquidated damages equal to the payment of all hours worked up to forty per workweek at the full minimum wage plus all tips wrongfully taken or, if liquidated damages are not awarded, then prejudgment interest;

    d) Award to Plaintiff reasonable attorneys' fees and costs; and

    e) Award such other and further relief as this Court may deem just and proper.

**COUNT II**
**<u>FAILURE TO PAY OVERTIME WAGE COMPENSATION</u>**
**<u>IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq*</u>**

47. Plaintiff reincorporates and re-alleges paragraphs 1 through 39 as though set forth fully herein and further alleges as follows:

48. Plaintiff was employed by Defendants under the FLSA.

49. Defendants suffered or permitted Plaintiff to work while not paying her the required overtime wage for hours worked in excess of forty per workweek.

50. Defendants required Plaintiff to share her tips with non-tipped employees.

51. Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

52. By suffering or permitting Plaintiff to work while paying her below the overtime wage and requiring her to share her tips with non-tipped employees, Defendants owe Plaintiff the full overtime wage for each hour worked in excess of forty hours in a workweek plus return of tips wrongfully taken.

53. As a direct and proximate result of suffering or permitting Plaintiff to work while paying her below the overtime wage and requiring her to share her tips with non-tipped employees, Plaintiff has been damaged for one or more weeks of work with Defendants.

8

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

WHEREFORE, Plaintiff MELISSA COMPERE demands judgment in her favor and against Defendants NUSR-ET MIAMI, LLC and NUSRET GOKCE, jointly and severally, as follows:

a) Award to Plaintiff for payment of all hours worked in excess of forty per workweek at a rate of one-and-a-half times her regular rate of pay;

b) Award to Plaintiff of all tips wrongfully taken by Defendants;

c) Award to Plaintiff liquidated damages equal to the payment of all hours worked in excess of forty per workweek at a rate of one-and-a-half times her regular rate of pay plus all tips wrongfully taken or, if liquidated damages are not awarded, then prejudgment interest;

d) Award to Plaintiff reasonable attorneys' fees and costs; and

e) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

54. Plaintiff reincorporates and re-alleges paragraphs 1 through 39 as though set forth fully herein and further alleges as follows:

55. Plaintiff and Defendants have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.

56. The Court also has jurisdiction over Plaintiff's request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

57. Defendants did not rely on a good faith defense in suffering or permitting Plaintiff and those similarly situated to work without being paid an hourly wage.

9

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

58. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

59. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiff and other similarly situated from Defendants, now and in the future.

WHEREFORE, Plaintiff MELISSA COMPERE demands judgment in her favor and against Defendants NUSR-ET MIAMI, LLC and NUSRET GOKCE, jointly and severally, as follows:

a) Issue declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendants from further violations of the FLSA;

c) Award Plaintiff reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted this 18th day of January, 2019.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

10

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on **January 18, 2019**, I electronically filed the foregoing document via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq.
*Attorney for Plaintiff*

11

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808