**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 19-CV-20277-KMM**

MELISSA COMPERE, on behalf of herself and
others similarly situated,

     Plaintiff,

vs.

NUSRET   MIAMI,   LLC   d/b/a   Nusr-et
Steakhouse, a Florida limited liability company,
and NUSRET GOKCE, an individual,

     Defendants.

_____/

MOTION TO CERTIFY 216(b)
COLLECTIVE ACTION

**MOTION TO CERTIFY 216(b) COLLECTIVE ACTION AND**
**FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS**
<u>**WITH INCORPORATED MEMORANDUM OF LAW**</u>

COMES NOW Plaintiff MELISSA COMPERE ("Ms. Compere" or "Plaintiff"), on

behalf of herself and others similarly situated, by and through undersigned counsel, and moves

this honorable Court for an Order certifying collective action and authorizing notice to all class

members pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq., and herein

states:

<u>**COLLECTIVE ACTION**</u>

Plaintiff seeks collective-action certification of the following class of similarly situated

persons ("Class Members"):

> All front-of-the-house tipped employees who worked at Nusr-et
> Steakhouse in Miami within the two years preceding this lawsuit and
> who, as a result of Defendants' policy of requiring Class Members to
> share tips with non-tipped employees and to work without being paid

1

an hourly wage, earned less than the applicable minimum and/or overtime wage for one or more weeks.

## STATEMENT OF THE CASE

Plaintiff initiated this action on January 18, 2019 with the filing of her Complaint ("Complaint"). The Complaint seeks damages for Plaintiff and others similarly situated ("Class Members") for violations of the FLSA. Specifically, Plaintiff alleges she and other Class Members were (1) forced to participate in a tip pool or tip-share, in which tips were shared with non-tipped employees such as coffee makers, polishers, and restockers; and were (2) paid below the minimum and overtime wage for tipped employees. Plaintiff and Class Members were employees of NUSRET MIAMI, LLC ("Nusret LLC") d/b/a Nusr-et Steakhouse, a Florida limited liability company, and NUSRET GOKCE ("Gokce"), an individual (together, "Defendants"), with the restaurant located in Miami-Dade County, Florida.

Plaintiff MELISSA COMPERE ("Compere") was employed as a front-of-the-house tipped employee (drink runner, cocktail runner, and server) by Defendants from September, 2017, approximately, to November, 2018.

Class Members were employed by various job titles unique to Nusr-et Steakhouse, such as server, drink runner, baklava runner, meat cutter, champagne server, and so on. All Class Members are front-of-the-house tipped employees who were paid similarly, provided customer service as a team, and were required to participate in a tip pool or tip-share with non-tipped employees, during various times within the last two years ("Relevant Time Period"). For the majority of their employment, Class Members were not paid any hourly wage at all but instead were forced to rely solely on the tips given to them by customers. Many of the Class Members

2

are not aware of their rights under the Act and many of the current service staff are apprehensive of retaliation if they are to exercise their rights in an individual action.

According to the Affidavits of named Plaintiff Melissa Compere [DE 16] and opt-in Plaintiffs Diego Vargas ("Vargas") [DE 17] and Valdo Sulaj ("Sulaj") [DE 18], for the majority of their employment front-of-the-house tipped employees were not paid any hourly wages at all, and according to them a percentage of tips received were distributed to non-tipped employees.

### Forced to Share Tips with Non-Tipped Employees

Class Members were forced to share their tips with non-tipped employees such as polishers, coffee makers, and restockers.  *See* Vargas Affidavit [DE 17, at ¶ 6]; Compere Affidavit, [DE 16, at ¶ 6]. Tips are the property of the tipped employee and can only be shared with other employees who "customarily and regularly receive tips."[1] Therefore, by forcing the Class Members to share their tips with non-tipped employees such as polishers, coffee makers, and restockers, Defendants violated 29 U.S.C. 203(m) and are not entitled to claim the tip credit.

### Paid Below the Minimum and Overtime Rate for Tipped Employees

Beginning at the opening of the restaurant until April 29, 2018, Defendants claimed the tip credit to pay Class Members as tipped employees. Beginning on approximately April 30, 2018, however, Class Members were paid no hourly wage at all, and relied exclusively on customer tips, in violation of the FLSA.

Defendants forced Class Members to share their tips with non-tipped employees, in violation of the FLSA, and therefore Defendants lowered the hourly wages of Class Members below the Federal minimum and overtime wage. Defendants are not entitled to credit Plaintiff's

---

[1] Wajcman v. Investment Corp. of Palm Beach, 2008 WL 783741 at *3 (S.D. Fla.)

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

and Class Members' tips to satisfy the "tip credit" requirement, and Class Members should be paid the full Florida minimum and overtime wage for each hour worked at Nusr-et Steakhouse since the restaurant opened.

## MEMORANDUM OF LAW

"Tipped employees" are defined as employees engaged in occupations in which they "customarily and regularly" receive more than $30.00 per month in tips. 29 U.S.C. § 203(t). The FLSA permits employers to apply a portion of tipped employees' tips towards satisfaction of the minimum wage obligation if the employees meet the eligibility requirements for the tip credit under the FLSA. 29 U.S.C. § 203(m). To satisfy the eligibility requirements for the tip credit under the FLSA, the employer must (1) pay the tipped employee an hourly rate equal to, at the, least, the minimum wage minus the maximum tip credit ($3.02 per hour), and (2) the tipped employee must earn tips equal to, at the, least, the amount claimed by the employer in tip credit. *Id.* The tip credit amount in Florida is a maximum of $3.02 per hour. To Plaintiff's knowledge and belief, Defendants claimed the tip credit until April 29, 2018, and beginning on approximately April 30, 2018 paid no wages at all to Plaintiff and all other front-of-the-house tipped employees.

### *Tips are the Property of the Tipped Employee*

If an employer avails itself of the tip credit, it must then allow its tipped employees to retain their tips. In short, tips are the property of the employees. *See* 29 U.S.C. § 203(m); *Perez v. Palermo Seafood, Inc.*, 548 F. Supp. 2d 1340, 1347-48 (S.D. Fla. 2008) *aff'd,* 302 Fed. Appx. 905(11th Cir. 2008) (all tips received by the employees must be retained by them); *Department of Labor Fact Sheet #15*: Tipped Employees Under the Fair Labor Standards Act (FLSA), Rev. March 2011.

4

*Sharing Tips with Non-Tipped Employees Invalidates the Tip Credit*

One way to invalidate the tip credit is to force tipped employees to share their tips with non-tipped employees. "If the tip pool is distributed among non-tipped employees, then the tips are not 'retained by the employee,' and the tip credit is invalid." *Palacios v. Hartman and Tyner, Inc.*, WL 7152745, at *3 (S.D. Fla. December 15, 2014), citing to *Chan v. Triple 8 Palace, Inc.*, No. 03 CIV.6048(GEL), 2006 WL 851749, at *14 (S.D.N.Y. Mar.30, 2006 ("In other words, employers are not merely barred from taking the tip credit if they share in the tip pool, but they are barred from taking the tip credit if any person who does not 'customarily and regularly receive tips' share in the tip pool."

## COLLECTIVE ACTIONS

*Plaintiff and Class Members are Similarly Situated*

The FLSA authorizes certification of collective actions. 29 U.S.C. 216(b). Certification under 216(b) consists of a first-stage, or "notice stage," certification and, later, a possible second-stage, or "decertification," determination. *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1243 (11th Cir. Fla. 2003). As noted by the Eleventh Circuit, the ultimate question at both stages (certification and decertification) is whether class members are "similarly situated." *Morgan v. Family Dollar Stores,* 551 F.3d 1233, 1258-64 (11th Cir. 2008). The FLSA authorizes employees to bring an action on behalf of themselves and others similarly situated. *See* 29 U.S.C. § 216(b). A collective action is an "opt-in" action. "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*.

Defendants employed front-of-the-house tipped employees to perform duties including the sale and ordering of guest food and beverage orders, the serving of the food and beverages

5

ordered, the opening of bottled wine for guests, and other duties as needed. *See* Compere Affidavit [DE 16, at ¶ 5]; Vargas Affidavit [DE 17, at ¶ 5]. For part or all of their employment, each of these Class Members was paid no hourly wages at all but was forced to rely solely on discretionary tips. *See* Compere Affidavit [DE 16, at ¶ 9]; Sulaj Affidavit [DE 18, at ¶ 6]. Defendants forced Class Members to participate in a tip pool or tip-share, in which their tips were shared with non-tipped employees. *See* Compere Affidavit [DE 16, at ¶ 6]; Vargas Affidavit [DE 17, at ¶ 6]; Sulaj Affidavit [DE 18, at ¶ 3]. The named Plaintiff believes her claims are typical of the claims of all Class Members. *See* Compere Affidavit [DE 16, at ¶ 12].

The representative class consists of any individual who worked one or more weeks in the capacity of a front-of-the-house tipped employee and who was subjected to Defendants' unlawful pay practices of (1) suffering or permitting Class Members to work without paying them an hourly wage, and/or (2) forcing Class Members to participate in a tip pool with non-tipped employees in an illegal tip-sharing scheme. The named Plaintiff, along with opt-in plaintiffs, have filed Affidavits in support of this Motion. *See* Affidavits of named Plaintiff Melissa Compere [DE 16] and opt-in Plaintiffs Diego Vargas [DE 17] Valdo Sulaj [DE 18]. This participation alone is enough to satisfy the inquiry as to whether others "desire to join." *See Dietrich v. Liberty Square,* 230 F.R.D. 574, 579 (N.D. Iowa 2005) (two affidavits provide sufficient factual basis for similarly situated inquiry); *Davis v. NovaStar Mortgage, Inc.*, 408 F. Supp. 2d 811, 816 (W.D. Mo. 2005) (declarations provide appropriate support for conditional certification). Based upon the record evidence, Plaintiff has demonstrated that all of the front-of-the-house tipped employees employed by Defendants are "similarly situated" because: (a) they were all front-of-the-house tipped employees, with various job titles; (b) they performed similar job duties on a day to day basis: providing service to customers for Defendants in the restaurant;

6

(c) they all worked for a period of time without being paid any hourly wage at all; and (d) they were all forced to participate in a tip pool or tip-share with non-tipped employees.

*The Affidavit of a Single Opt-In Raises Allegations "Beyond Pure Speculation"*

In another case, United States Magistrate Judge Frank Lynch, Jr., permitted notice to proceed stating that: "…the Affidavit of [a single opt-in plaintiff] shows that at least one other coworker desires to join the suit, thereby raising the Plaintiff's contention beyond one of pure speculation." Order on Plaintiff's Motion for an Order Permitting Court Supervised Notice to Employees of Their Opt-in Rights, *Larry Guerra v. Big Johnson Concrete Pumping, Inc.*, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006).

Simply put, all front-of-the-house tipped employees within the defined class are owed full and proper payment of the applicable minimum and overtime wage. It is undisputed that Defendants have acted, or have refused to act, on grounds applicable to all putative class members in the defined class, thereby making the identical relief appropriate with respect to their current and former front-of-the-house tipped employees within the defined class as a whole. Moreover, the common questions of law and fact predominate over any questions affecting only Plaintiff, and a collective action is superior to other available methods for the fair and equitable adjudication of the controversies between the representatives described above and the named Defendants. And, although the defined class of current and former front-of-the-house tipped employees is identified and certain, the individual members of the class cannot be completely identified and notified of their right to join this action absent access to Defendants' books and records.

Defendants' above compensation policies and practices are common to all putative class members in the defined class. Moreover, these common policies and procedures violate the

7

FLSA's tip credit and therefore minimum wage and overtime provisions (as well as the record-keeping provisions of the FLSA) requiring the payment of the minimum wage for each hour worked up to forty per workweek, and payment of one-and-one-half times their regular pay for each hour worked in excess of forty per workweek. That is, because Defendants, who did not qualify to claim the tip credit, failed to pay their front-of-the-house tipped employees the required minimum wage and overtime wage compensation, Defendants have adversely affected the rights of each member of this collective action. Therefore, Plaintiff seeks this Court's authorization to facilitate notice as requested.

Plaintiff further requests that she be permitted to give notice, as approved by this Court, to all class members, stating their right to opt-in to this litigation by executing an appropriate consent as required by Section 216(b) of the FLSA. Plaintiff and opt-in Plaintiff's Affidavits and the filing of the Complaint by Plaintiff, alleging identical claims, clearly establish that Defendants' other front-of-the-house tipped employees in the defined class had similar duties, were paid wages in a similar manner, and were subjected to Defendants' tip-sharing scheme as described above.

## APPLICABLE STANDARDS FOR COLLECTIVE ACTIONS

### Notice and "Opting-In" Under 29 U.S.C. § 216(b)

FLSA collective actions operate differently than typical class action suits. While in traditional Rule 23 class actions, all class members automatically participate unless they have expressly "opted-out," under 29 U.S.C. § 216(b) of the FLSA, class members wishing to participate must "opt-in" by filing a written consent with the Court. Without signing and filing such an express consent, employees are not bound by the outcome of the litigation. *See id.*

LAW OFFICE OF LOWELL J. KUVIN

17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

In *Hoffman- La Roche, Inc. v. Sperling,* 493 U.S. 165 (1989), the Supreme Court ruled trial courts have authority to compel defendant-employers to provide names and addresses of potential plaintiffs through the pretrial discovery process, and this authority also included sending court-authorized consent forms to potential plaintiffs. *Id.* The Sperling Court determined that district courts have discretion in appropriate cases to implement 29 U.S.C. §216(b) by facilitating notice to potential plaintiffs. *Id.*, at 486. This authority arises from the Court's broad discretionary power to manage the process of joining multiple parties in an orderly manner. *Id.* Trial court involvement in the notice process is inevitable in collective actions with numerous class members. The decision to begin its involvement early, at the point of the initial notice, rather than at some later time, lies within the discretion of the trial court. *Id.* Court authorization of notice serves the legitimate goals of avoiding a multiplicity of duplicative suits and of setting cutoff dates to expedite disposition of the action. *Id.*, at 487. Additionally, the benefits of the class action provisions of 29 U.S.C. §216(b) "depend on employees receiving accurate and timely notice concerning the pendency of the collective action so they can make informed decisions about whether to participate." *Id.*, at 486. The Eleventh Circuit has held that the district court had authority to issue an order requiring notice to "similarly situated" employees of the defendant affording them the opportunity to "opt-in." *Dybach v. State of Florida, Department of Corrections,* 942 F .2d 1562 (11th Cir. 1991) (Eleventh Circuit found that an adult probation officer was non-exempt and therefore entitled to overtime compensation for all hours worked over forty (40) in multiple workweeks).

### A.  Only Minimal Evidence Required to Support Conditional Class Certification

*Two-Tiered Approach*

LAW OFFICE OF LOWELL J. KUVIN

17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

The Eleventh Circuit utilizes a two-tiered approach to certification of an opt-in class pursuant to 29 U.S.C. §216(b). *See Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F .3d 1208, 1219 (11th Cir. 2001) (stating that the two-tiered approach "appears to be an effective tool for district courts in this circuit adopt it in future cases."); *see also, Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 & n.2 (11th Cir. 2003); *see also, Stephens v. Erosion Containment Mgmt.*, 2008 U.S. Dist. LEXIS 40986 (M.D. Fla. 2008) ("the Eleventh Circuit strongly suggests district courts use a two-tiered approach to class certification in Fair Labor Standards Act cases."); *see Leuthold v. Destination Am.,* 224 F.R.D. 462, 467 (N.D. Cal. 2004) ("The two-tier approach contemplates progression through the notice stage before reaching the more rigorous inquiry required to maintain the class. This is evident from the methods usually employed to decide the issues raised by the two tiers.").

*First-Tier, or "Notice Stage," Determination*

Under this two-tiered approach, the court makes an initial determination, based solely upon the pleadings and any affidavits, whether notice of the action should be given to potential class members. *See id.* at 1218. During Stage I notice proceedings, "[p]laintiffs need show only that their positions are similar, not identical, to the positions held by the putative class members." *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir. 1996). Given that the court has minimal evidence at this early stage of litigation, the initial determination is made using a "fairly lenient" standard, and typically results in conditional certification of a representative class. *See Healthcare Servs., Inc.*, 347 F.3d 1240 11th Cir. 2003)*; see also Pendelbury v. Starbucks Coffee Co.,* 2005 WL 84500, *3 (S.D. Fla. Jan. 3, 2005) (citing *Hipp*, 252 F.3d at 1218).

10

For purposes of defining the "similarly situated class" pursuant to 29 U.S.C. §216(b), a plaintiff must only demonstrate that the defined class is comprised of employees who are similarly situated to the named plaintiff with regard to the defendant's compensation practices.

*Similar – Not Identical*

To satisfy the initial burden regarding notice under 29 U.S.C. § 216(b), "plaintiff[s] need only show that their positions are similar, not identical, to the positions held by the putative class members." *Hipp*, 252 F. 3d at 1217. *see also, Pendlebury v. Starbucks Coffee Co.*, 518 F.Supp.2d 1345, 1355 (S.D.Fla. 2007). The "similarly situated" requirement of §216(b) is more elastic and less stringent than the requirements of Rule 23 (class actions), Rule 30 (joinder) and Rule 42 (severance). *Hipp*, 252 F. 3d at 1219; *see also, Pendlebury, supra*; *White v. Osmose*, 204 F. Supp. 2d 1309, 1315 (M.D. Ala. 2002). A plaintiff merely must demonstrate a "reasonable basis" for a collective action. *Hipp*, 252 F. 3d at 1219

Plaintiff's claims contain questions of law or fact common to those of Defendants' other front-of-the-house tipped employees. Indeed, Plaintiff's claims are typical of the claims of other individuals in her position. For conditional certification to be granted in cases arising under the FLSA, there is no requirement of "strict symmetry" or "absolute identity." Rather, all that is required is a "reasonable basis." *Burks v. Equity Group Eufaula Div. LLC*, 2007 U.S. Dist. LEXIS 79416 (M.D. Ala. 2007) (citing, *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)); *see also, Holt v. Rite Aid Corp.*, 333 F. Supp. 2d 1265, 1270 (M.D. Ala. 2004) ("[P]laintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions."); *Bradford v. Bed Bath & Beyond, Inc.*, 184 F. Supp. 2d 1342, 1346-51 (N.D. Ga. 2002) (granting certification where "Plaintiffs have made substantial allegations,

11

supported by evidence, that Defendant failed to comply with the FLSA by failing to pay overtime compensation to non-exempt employees on a class-wide basis.")

*Burden – Not Heavy*

While Plaintiff carries this burden, this burden is "not heavy;" it may be met by making substantial class-wide allegations, "that is, detailed allegations supported by affidavits which successfully engage defendant's affidavits to the contrary." *Id.* at 1096-97 (internal quotations omitted); *Hipp*, 252 F.3d at 1218-19. Further, "courts have held that Plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Kreher v. City of Atlanta*, 2006 WL 739572, at *3 (N.D. Ga. Mar. 20, 2006) (*citing Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); *see also Thiebes v. Wal-Mart Stores, Inc.,* 1999 WL 1081357, at *2 (D. Or. Dec. 1, 1999) (plaintiffs need only some factual nexus that they and the putative class were victims of a common policy or plan that violated the FLSA).

As indicated above and in the Affidavits filed by named Plaintiff, Plaintiff more than meets her burden to facilitate notice. Here, Defendants employed similarly situated individuals in the defined class, front-of-the-house tipped employees, at its restaurant in Miami-Dade County, Florida. *See* Compere Affidavit [DE 16, at ¶¶ 10, 12]; Vargas Affidavit [DE 17, at ¶¶ 10, 12];Sulaj Affidavit [DE 18, at ¶¶ 7, 9]. To that end, Defendants employ and/or employed numerous tipped employees with various job titles in the defined class, all of whom are subjected to Defendants' unlawful compensation practice of suffering or permitting front-of-the-house tipped employees to work without paying them an hourly wage, and forcing front-of-the-house tipped employees to participate in a tip pool or tip-share in in which tips were shared with non-tipped employees such as polishers, coffee makers, and restockers. *See* Sulaj Affidavit, [DE 18,

12

at ¶ 3]; Compere Affidavit, [DE 16, at ¶ 6]. Moreover, Class Members regularly worked more than forty (40) hours per work week. *See* Compere Affidavit [DE 16, at ¶ 7]; Vargas Affidavit [DE 17, at ¶ 7]; Sulaj Affidavit [DE 18, at ¶ 4].

Indeed, in the instant case, Plaintiff has presented evidence other district courts have found sufficient for conditional certification of an FLSA collective action. *See Guerra v. Big Johnson Concrete Pumping, Inc.,* 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006) (conditional certification of an FLSA collective action granted based upon two affidavits – that of the single named plaintiff and one opt-in plaintiff); *Reyes v. Carnival Corp.,* 2005 WL 4891058 (S.D. Fla. 2005) (named plaintiff's affidavit, in combination with the two opt-in plaintiffs' notices of consent to join and affidavits sufficient to grant conditional certification of an FLSA collective action); *Goudie v. Cable Communications, Inc.*, 2008 WL 4628394 (D. Or. 2008) (affidavit from two plaintiffs sufficient for conditional certification of an FLSA collective action); *Sanders v. MPRI, Inc.*, 2008 WL 5572846 (W.D. Okla. 2008) (certifying FLSA collective action based solely on Plaintiffs' affidavit with zero opt-ins or additional affidavits).

Based upon the Complaint allegations and the supporting affidavits filed by Plaintiff and opt-in plaintiff, Plaintiff satisfies the burden of "raising the Plaintiffs' contention beyond one of pure speculation." *Guerra v. Big Johnson.*

**B. Similarly Situated Individuals Will Join the Lawsuit Once Provided Notice**

Plaintiff has demonstrated that other similarly situated front-of-the-house tipped employees will join the case when provided notice. The Supreme Court has emphasized that the FLSA should be liberally applied to the furthest reaches consistent with congressional direction. *See Mitchell v. Lubin, McGaughy & Associates*, 358 U.S. 207, 211 (1959). Similarly situated tipped employees, who are given various job titles at the restaurant, who all allegedly

13

experienced the same FLSA violations, will opt-in to the instant lawsuit when notice is given. *Reab v. Electronic Arts, Inc.,* 2002 WL 320769510 at * 6 (D. Col. 2002). Similarly, district courts have agreed to "accept, for purposes of deciding the instant motion for conditional collective action certification, that there are persons . . . who have suffered wage and hour violations who would join this suit if they had notice of the suit." *Barron*, 242 F. Supp. 2d at 1101.

Based upon the Affidavits filed, Plaintiff establishes the specific facts demonstrating other employees are interested in opting in. *See Grayson v. K-Mart Corp.,* 79 F. 3d 1086, 1097 (11th Cir. 1996). In addition, allowing class notification to a potential class will certainly avoid multiple lawsuits where numerous employees have allegedly been harmed by the same violation. *See Prickett v. Dekalb County,* 349 F.3d 1294, 1297 (11th Cir. 2003).

Thus, a collective action is appropriate, as Defendants have acted or refused to act on grounds generally applicable to the class, thereby allowing the same relief with respect to the class as a whole. Additionally, questions of law or fact common to all class members who worked for Defendants predominate over any questions affecting only individual members. Hence, a collective action is superior to other available methods for the fair and efficient adjudication of this controversy. Accordingly, Plaintiff seeks certification of collective action and Court authorization to provide: (1) the proposed "Notice" letter, attached as Exhibit 1**,** to be sent to all similarly situated employees; and (2) the proposed "Consent to Become Party Plaintiff" form, attached as Exhibit 2**,** which similarly situated employees can complete, sign, and file with the Court.

## **MERITS OF CASE AND DISCOVERY IRRELEVANT TO CERTIFICATION**

*Merits of Plaintiff's Claims Are Irrelevant to Certification and Authorization of Notice*

14

Plaintiff anticipates Defendants will argue certification and notice should not proceed, based upon the only possible defense it may have to this action - that Plaintiff and their co-workers participated in a legal tip-share or tip pool and were paid all wages owed. Although Plaintiff believes this defense will ultimately fail based upon the facts that will emerge during litigation, such an argument regarding the merits of Plaintiff's claims and Defendants' defenses are irrelevant at this stage of the certification process. At this "conditional certification" stage, courts do not weigh the merits of the underlying claims. *See Kreher v. City of Atlanta,* 2006 WL 7398272, at *4 (N.D. Ga. Mar. 20, 2006) (*citing Young v. Cooper Cameron Corp.,* 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus of [the conditional certification] inquiry is not whether there has been an actual violation of law, but rather on whether the proposed plaintiffs are "similarly situated" under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated"); *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003) ("Once the Plaintiffs makes a colorable claim for relief, the only inquiry necessary is whether the potential plaintiffs to be notified are similarly situated to the named plaintiff . . .").

In *Kreher*, the court concluded that a requirement to submit evidence of a highly particularized nature was too high a burden at the preliminary notice stage. *Id.*, at 2006 WL 7398272, at * 4. As such, the *Kreher* Court concluded that although the plaintiffs' declarations lacked some details, they established the existence of other employees employed in similar positions and subjected to similar policies; the court therefore granted the plaintiffs' motion under the "fairly lenient standard" of the Eleventh Circuit. *Id.* at *4; *see also Leuthold v. Destination America,* 224 F.R.D. 462, 468 (N.D. Cal. 2004) ("Defendants' arguments in their opposition brief focus on the more stringent second tier analysis and raise issues that may be more appropriately addressed on a motion for decertification after notice is given to the proposed

15

class."); *Goldman v. Radioshack Corp.,* 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant."); *Felix De Asencio v. Tyson Foods, Inc.,*130 F.Supp.2d 660, 663 (E.D. Pa. 2001) ("While this information [submitted by Defendant] may play a more significant role after discovery and during an analysis of the second and final similarly situated tier, Plaintiffs have advanced sufficient evidence to meet their low burden at this first tier of the similarly situated question.").

Plaintiff has clearly met her burden of proof on the "similarly situated" prong under *Hipp* for first-stage certification of a collective action.

### Discovery is Irrelevant to Certification and Authorization of Notice

The Eleventh Circuit has consistently recognized that discovery at the first notice stage is not necessary for the "similarly situated" determination. *See Grayson,* 79 F. 3d at 1099 (holding that a district court *may*, but is not required to hold an evidentiary hearing prior to making its section 216(b) decision, particularly when the Defendant's rights are not substantially affected) (emphasis added in original); *Lloredo v. Radioshack Corp.,* 2005 WL 1156030, at *1 (S.D. Fla. May 12, 2005) (refusing to examine discovery in making its first stage similarly situated determination); *see also Harrison v. Enterprise Rent-A-Car Co.,* 1998 U.S. Dist. LEXIS 13131, at *13 (July 1, 1998) (holding that the possibility subsequent discovery might prove the original plaintiffs and the opt-in plaintiffs are not "similarly situated" does not defeat *conditional* class certification); *Schwed v. Gen. Elec. Co.,* 159 F.R.D 373, 375 (N.D.N.Y. 1995) ("Even where later discovery proves the putative class members to be dissimilarly situated, notice . . . prior to full discovery is appropriate as it may further the remedial purpose of the [FLSA]").

### Fact-Specific Inquiry is Conducted in the <u>Second</u> Stage of Certification

16

Discovery is not necessary in first-stage certification because courts at this stage do not resolve factual disputes or make credibility determinations. *See Scott v. Heartland Home Finance,* 2006 WL 1209813, at *3 (N. D. Ga. May 3, 2006) (*citing Severtson v. Phillips Beverage Co.,* 141 F.R.D 276, 279 (D. Minn. 1992)); *Camper v. Home Quality Mgmt., Inc.,* 200 F.R.D. 516, 520 (D. Md. 2000) ("Factual disputes do not negate the appropriateness of court facilitated notice."). Discovery is not appropriate in first-stage certification because the Court is not making a *factual determination* regarding whether the putative class members are "similarly situated." *See Pendelbury,* at *3; *Brown v. Money Tree Mortgage, Inc.,* 222 F.R.D. 676, 682 (D. Kan. 2004) ("[T]he court will examine the individual plaintiffs' disparate factual and employment setting, as well as various defenses available to the defendant which appear to be individual to each plaintiff, during the 'second stage' analysis after the close of discovery."); *Goldman v. Radioshack Corp.,* 2003 WL 21250571, at *8 (E.D. Pa. Apr. 16, 2003) ("A fact-specific inquiry is conducted only after discovery and a formal motion to decertify the class is brought by the defendant."). In *Scott,* the court held that it was not appropriate to address the merits of plaintiffs' claims or weigh evidence, and thus refused to consider the Defendant's arguments regarding variations in specific job duties, locations, working hours, or availability of various exemptions. 2006 WL 1209813, at *3; (*citing Pendelbury*, 2005 WL 82500, at *3 (factual matters regarding the applicability of exemptions to employees not appropriate at notice stage); *Moss v. Crawford & Co.,* 201 F.R.D. 398, 410 (W.D. Pa. 2000) ("[V]ariations in the plaintiffs' duties, job locations and hourly billing rates do not differentiate the collective class to the extent that it defeats the primary objectives of a section 216(b) action.").

The Collective Action Complaint and Affidavits provide sufficient evidence to warrant certification, and notice in this action should be sent to all front-of-the-house tipped employees

17

similarly situated to Plaintiff and employed by Defendants within the last two years at the Nusr-et Steakhouse in Miami, Florida. Given that the "similarly situated" determination at the notice stage is *preliminary*, Defendants will not be prejudiced by notice. Accordingly, Plaintiff's Motion to Certify Collective Action and Facilitate Notice to Potential Class Members should be granted at this time.

## COURT-ORDERED NOTICE TO CLASS MEMBERS

### *Court-Ordered Notice Should Be Posted in Defendants' Restaurant*

Plaintiff's proposed judicial notice is "timely, accurate, and informative." *See Hoffmann-La Roche,* 493 U.S. at 172. As such, the proposed notice achieves the ultimate goal of providing accurate and timely notice to employees concerning the pendency of the collective action, and thus it should be adopted. Plaintiff also requests that, in addition to permitting Plaintiff to notify the potential Class Members by mail, this notice be posted at Defendants' Miami, Florida restaurant. Posting the notice where similarly situated employees are employed serves to further the broad remedial purpose of the FLSA. *See Romero v. Producers Dairy Foods, Inc.,* 235 F.R.D. 474, 493 (E. D. Cal. Apr. 19, 2006 ) (finding that first class mail combined with posting provided for the "best notice practicable" to the potential class); *Veliz v. Cintas Corp.,* 2004 WL 2623909, at *2 (N.D. Cal. Nov. 12, 2004) (requiring employer to post notice and consent forms in all of its work sites); *Johnson v. Am. Airlines, Inc.*, 531 F. Supp. 957, 961 (N.D. Tex. 1982) (finding direct mail and posting on company bulletin boards reasonable).

### *Defendants Should Be Ordered to Produce Names, Last-Known Physical Addresses, and Email Addresses of Class Members*

The opt-in provision of the FLSA requires some procedure for identifying and notifying potential class members. *Morden v. T-Mobile USA, Inc.,* 2006 WL 1727987, at *3 (W. D. Wash.

18

June 22, 2006) (compelling defendant to produce names and addresses of *potentially* similarly situated employees, despite the fact that no conditional class certification motion was pending before the court). "The first step is to identify those employees who may be similarly situated and who may therefore ultimately seek to opt in to the action." *Id.* As such, early discovery of a mailing list is routinely disclosed in FLSA collective actions because the lists are necessary to facilitate notice. *See Hoffmann-La Roche,* 493 U.S. at 165; *see also Dietrich v. Liberty Square,* 230 F.R.D. 574, 581 (N.D. Iowa 2005); *Gieseke v. First Horizon Home Loan Corp.,* 408 F. Supp. 2d 1164, 1169 (D. Kan. Jan. 10, 2006).

In addition, the names and addresses of potential Class Members are discoverable during the regular course of discovery even absent judicial notice because current and former putative class members are critical fact witnesses to this lawsuit. *Hoffmann-La Roche* acknowledged the existence of "alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter." 493 U.S. at 160; *see also Barton v. The Pantry, Inc.,* 2006 WL 2568462 (M.D.N.C. Aug. 31, 2006) (ordering defendant to produce a list of plaintiff's co-workers prior to conditional certification).

Thus, upon granting of Plaintiff's Motion, this Court should likewise order Defendants to provide Plaintiff with a list of all names, last-known physical addresses, and email addresses of putative class members in order to carry out notice.

## CONCLUSION

In light of the broad remedial provisions of the FLSA, *see, e.g., Prickett v. DeKalb County,* 349 F.3d 1294, 1296-97 (11th Cir. 2003), coupled with the lenient standard for conditional certification, and Plaintiff's allegations and Affidavits filed, the evidence submitted is more than sufficient to satisfy Plaintiff's relatively light burden of showing this Court that

19

"there are [similarly situated] persons . . who have suffered wage and hour violations who would join this suit if they had notice of the suit." *See Barron, supra.*

WHEREFORE, Plaintiff MELISSA COMPERE, on behalf of herself and those similarly situated, respectfully requests the Court issue an Order:

(i)      conditionally certifying a class of current and former front-of-the-house tipped employees who worked for Defendants within the last two years;

(ii)      directing Defendants to produce to undersigned counsel within twenty (20) days a list containing the names and last known addresses of putative Class Members who worked for Defendants during the last two years;

(iii)      authorizing undersigned counsel to send a notice, in the form attached hereto as Exhibit 1, to all individuals whose names appear on the list produced by Defendants' counsel;

(iv)      any other relief that is just and appropriate.

Respectfully Submitted this 12th day of March, 2019.

By:    **s/Robert W. Brock II**
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@_kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*

20

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on <u>**March 12, 2019**</u>, I electronically filed the foregoing document via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

By: ___**s/Robert W. Brock II**_____
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@ kuvinlaw.com
legal@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiff*