UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-CV-20277-KMM

MELISSA COMPERE,

             Plaintiff,

vs.

NUSRET MIAMI, LLC d/b/a
NUSR-ET STEAKHOUSE,
and NUSRET GOKCE,

             Defendants.

_____

**DEFENDANT NUSRET MIAMI LLC'S MOTION FOR LEAVE TO
FILE AMENDED ANSWER TO PLAINTIFF'S COMPLAINT[1]**

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and S. Fla. L.R. 15.1 and 7.1, Defendant Nusret Miami LLC ("Nusret Miami"), by and through its undersigned counsel, requests leave to amend its Answer by filing Defendant Nusret Miami LLC's Amended Partial Answer and Statement of Defenses to Plaintiff's Collective Action Complaint.   In support of this Motion, Nusret Miami states as follows:

1.      On January 18, 2019, Plaintiff Melissa Compere filed her Collective Action Complaint ("Complaint") (D.E. 1). In her Complaint, Plaintiff seeks to recover wages from co-Defendants Nusret Miami and Mr. Nusret Gokce on behalf of herself and other alleged similarly-situated individuals as a putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.  Two additional individuals have filed consents to opt in as Plaintiffs to the action, Diego Vargas and Valdo Sulaj (D.E. 15 and 20).

---

[1] By filing this Notice of Removal, BJ's is not intending to waive its right to compel this action to arbitration.

2.      On March 4, 2019, Nusret Miami filed "Defendant Nusret Miami LLC's Partial Answer and Statement of Defenses." (D.E. 8)[2]

3.      After filing its original Answer, Nusret Miami confirmed that Opt-In Plaintiff Diego Vargas executed an arbitration agreement with a class action waiver. In addition, Nusret Miami confirmed that its employment offer letters to Plaintiff Compere and Opt-In Plaintiff Sulaj provide that Compere and Sulaj were required to execute arbitration agreements as conditions of employment. Nusret Miami also has identified additional defenses appropriate to assert in its Answer to Plaintiff's Complaint, *inter alia,* lack of joint employer status and proper implementation of a tip credit and tip pooling structure.

4.      On March 29, 2019, co-Defendant, Nusret Gokce, represented by the same undersigned counsel, filed his "Partial Answer and Statement of Defenses of Nusret Gokce." (D.E. 32). That Answer asserted defenses which Nusret Miami did not initially assert, but now seeks to assert, given the factual record that has developed since filing its initial Answer.

5.      Mindful of the factual record that has developed since filing its initial Answer (D.E. 8), and to make its Answer reflective of that factual record and consistent with the Answer of co-Defendant Nusret Gokce, Nusret Miami seeks to amend its own Answer to assert additional affirmative and other defenses.

6.      The proposed amended Answer, titled "Defendant Nusret Miami LLC's Amended Partial Answer and Statement of Defenses," is attached hereto as **Exhibit A**. As shown in this proposed amended Answer, the primary additions to Nusret Miami's proposed Amended Answer would include the following defenses:

---

[2] By filing this Motion for Leave to Amend, Defendant is not intending to waive its right to compel this action to arbitration.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant Gökçe since he is not an employer or joint employer either of Plaintiff or those alleged similarly-situated individuals she seeks to represent.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and the alleged similarly-situated individuals she seeks to represent are barred, in whole or in part, because she was compensated for all hours suffered or permitted to work in accordance with the FLSA. Specifically, Plaintiff was a tipped employee during some or all portions of the class period, Defendant adopted tip credit and tip pooling practices in accordance with the FLSA, and Defendant was entitled to a "tip credit" as an offset of wages allegedly due.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff, and/or some or all of the alleged similarly-situated individuals she seeks to represent, agreed to submit "any and all controversies, disputes, or claims arising out of Employee's employment" to binding arbitration, pursuant to an Arbitration Agreement and Waiver of Class/Collective Actions. The agreement is valid and enforceable, it expressly provides that arbitration is the sole means to resolve unresolved claims and disputes, and this dispute falls within the scope of the agreement.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff, and/or some or all of the alleged similarly-situated individuals she seeks to represent, agreed that all claims or disputes between the parties will be arbitrated individually and that the employee will not seek class or collective action treatment for any claim that they may have, and will not participate in any class or collective action, pursuant to an Arbitration Agreement and Waiver of Class/Collective Actions. Because the agreement includes a class and collective action waiver, this putative collective action is prohibited and any arbitration must proceed only on an individual basis.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Plaintiff or the alleged similarly-situated individuals she seeks to represent file or have filed claims for bankruptcy and fail or have failed to list a wage claim against Defendant as a potential asset in their

bankruptcy filings, they are barred from pursuing their wage claims for lack of standing or under the doctrines of judicial estoppel and/or unclean hands.

7.    Plaintiff's counsel has been contacted regarding this Motion and has advised that he opposes Nusret Miami's request for leave to amend.

8.    No scheduling order has been entered in this case and the Court has not set a deadline to amend pleadings.

9.    Nusret Miami has not previously requested leave to amend its Answer.

10.    Discovery has not commenced, apart from limited discovery attendant to Plaintiff's Motion to Certify 216(b) Collective Action (D.E. 19).

## MEMORANDUM OF LAW

Pursuant to S. Fla. L.R. 7.1, Defendant Nusret Miami submits the following Memorandum of Law in support of its Motion.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Because "this mandate is to be heeded," district courts have only limited discretion to deny a party leave to amend the pleadings. *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1110 (11th Cir. 1996); *see also McKinley v. Kaplan*, 177 F.3d 1253, 1255 (11th Cir. 1999) (allowing amendment during discovery stage). In exercising its discretion, the court should be guided by the underlying purpose of allowing amendments to facilitate a decision on the merits. *See* 3 MOORE'S FEDERAL PRACTICE at § 15.14[1].

There must be a "justifying reason" for a court to deny leave. *See Foman v. Davis*, 371 U.S. 178, 182 (1968); *see also Halliburton & Assoc. v. Henderson, Few & Co.,* 774 F.2d 441, 443 (11th Cir. 1985) ("substantial reason" needed). In explaining the liberal interpretation given

4

this Rule, the Eleventh Circuit has observed that "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989); *Hanflik v. Ratchford*, 848 F.Supp. 1539, 1542 (N.D. Ga. 1994), *aff'd*, 56 F.3d 1391 (11th Cir. 1995) (footnote omitted); *see also McKinley*, 177 F.3d at 1255.

Substantial reason to deny leave to amend exists where there is: (1) undue delay, bad faith, or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed, (3) undue prejudice to the opposing party by virtue of the allowance of the amendment, and (4) futility of amendment. *Foman*, 371 U.S. at 182.

In the instant case, none of the reasons for denying leave are present.

- There has been no undue delay in requesting the amendment, as the case is still in its early stages, with the Complaint filed less than three months ago.

- There is no bad faith or dilatory motive in Nusret Miami seeking to amend its affirmative defenses to include a viable affirmative defense to Plaintiff's claims; rather, Nusret Miami files this Motion so that justice may be done.

- Nusret Miami has not previously requested leave to amend its Answer, so no argument can be made that there have been repeated failure to cure deficiencies by amendments previously allowed.

- The requested amendment would not prejudice Plaintiff or cause delay in the proceedings. To the contrary, the defenses Nusret Miami seeks to assert have already been asserted in the Answer of Defendant Nusret Gokce (D.E. 32). Thus, the proposed Amended Answer not only would be reflective of the facts recorded but also would be consistent with the co-Defendant's Answer.

- Moreover, no scheduling order has been entered in this case, nor is there a deadline for amending pleadings. The requested amendment would not alter the scope of discovery, as limited discovery has already occurred attendant to Plaintiff's Motion to Certify 216(b) Collective Action (D.E. 19) and in such discovery, Opt-in Plaintiff Diego Vargas admitted executing the arbitration agreement.

- The requested amendment would not be futile. This Motion are the requested amendments are meritorious and justice requires that leave to amend be granted.

For these reasons, Defendant Nusret Miami requests that the Court grant this Motion and permit it to file Defendant Nusret Miami LLC's Amended Partial Answer and Statement of Defenses, in the form as attached as Exhibit A hereto.

## <u>CERTIFICATE OF GOOD FAITH CONFERENCE</u>

Pursuant to Local Rule 7.1(a)(3)(B), counsel for Defendant, Miguel A. Morel, hereby certifies that he conferred with counsel for Plaintiff, Robert Brock, in a good faith effort to resolve the issues raised by this Motion, but was unable to resolve the issues.

**WHEREFORE** Defendant Nusret Miami requests this Court for entry of an Order granting it leave to file Defendant Nusret Miami, LLCs Amended Partial Answer and Statement of Defenses, together with such other and further relief that the Court deems just and proper.

**Dated**: April 8, 2019

Respectfully submitted,

*/s/Jonathan A. Beckerman*
Jonathan A. Beckerman, Esq.
Florida Bar No. 568252
E-mail:  jabeckerman@littler.com
Miguel A. Morel, Esq.
Florida Bar No.: 089163
E-mail:  mamorel@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile:   (305) 603-2552

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 8th day of April 2019 the foregoing document is being served on all counsel of record via transmission of Notices of Electronic filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  */s/ Miguel A. Morel*
          Miguel A. Morel, Esq.