# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-CV-20277-KMM

MELISSA COMPERE,

        Plaintiff,

vs.

NUSRET MIAMI, LLC
d/b/a NUSR-ET STEAKHOUSE,
and NUSRET GOKCE,

        Defendants.

## DEFENDANT NUSRET MIAMI LLC'S
## AMENDED PARTIAL ANSWER AND STATEMENT OF DEFENSES

Defendant, NUSRET MIAMI LLC ("Defendant"), hereby files its Amended Partial[1] Answer and Statement of Defenses to the Complaint filed by Plaintiff Melissa Compere as follows:

Defendant admits that Plaintiff purports to bring this action against on behalf of herself and other individuals alleged to be similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, but denies that Plaintiff is entitled to any relief. Defendant further admits that Plaintiff seeks a declaration of rights, but denies that a case or controversy exists to entitle Plaintiff to the requested relief.

---

[1] Defendant's Motion to Dismiss Count III of Plaintiff's Complaint was filed on March 4, 2019 (Doc. 9).

## I. JURISDICTION AND VENUE

1.  Venue is a question of law that requires neither an admission nor denial; notwithstanding, Defendant admits that venue is proper in this District.

2.  Jurisdiction is a question of law that requires neither an admission nor denial; notwithstanding, Defendant admits that this Court has jurisdiction over Plaintiff's FLSA claims.

## II. PARTIES

3.  Defendant admits that Plaintiff is over the age of 18 years old. Defendant is without sufficient knowledge to admit or deny the allegations regarding Plaintiff's residency, and, therefore, denies those allegations. The allegations contained in the second sentence of Paragraph 3 are legal conclusions to that require neither an admission nor denial. To the extent a response is required, Defendant denies the allegations contained in the second sentence of Paragraph 3 except to admit that Plaintiff was previously employed by Defendant.

4.  Defendant denies the allegations contained in Paragraph 4, except to admit that NUSRET MIAMI LLC is a Florida limited liability company that has an ownership interest in the NUSR-ET STEAKHOUSE located in Miami, Florida.

5.  The allegations contained in the second sentence of Paragraph 5 are legal conclusions that require neither an admission nor denial. To the extent that a response is required, the allegations contained in Paragraph 5 are denied.

## III. COVERAGE

6.  The allegations contained in Paragraph 6 are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 6 are denied.

7. The allegations contained in Paragraph 7 are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 7 are denied.

8. The allegations contained in Paragraph 8 are legal conclusions to which no response is required. To the extent that a response is required, the allegations contained in Paragraph 8 are denied.

9. The allegation that Defendant NUSR-ET MIAMI LLC "was an employer as defined by 29 U.S.C. § 203(d)," is a legal conclusion that requires neither an admission nor denial. To the extent that a response is required, the allegations in Paragraph 9 are denied.

10. The allegation that Defendant GOKCE "was an employer as defined by 29 U.S.C. § 203(d)," is a legal conclusion that requires neither an admission nor denial. To the extent that a response is required, the allegations in Paragraph 10 are denied.

11. The allegation that "Defendants are joint employers under 29 C.F.R. 791.2(b)(3)" is a legal conclusion that requires neither an admission nor denial. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 11.

12. Defendant denies the allegations contained in Paragraph 12, except that Defendant admits that annual gross volume of sales at the NUSR-ET STEAKHOUSE exceeded $500,000 during Plaintiff's employment.

13. The allegations contained in Paragraph 13 are admitted.

### IV. FACTUAL ALLEGATIONS

14. Defendant denies the allegations contained in Paragraph 14.

15. Defendant denies the allegations contained in Paragraph 15, except to admit that NUSRET MIAMI LLC has operated the NUSR-ET STEAKHOUSE located in Miami, Florida.

16. Defendant denies the allegations of Paragraph 16, except that Defendant admits that Plaintiff worked as a Food Runner and Server at the NUSR-ET STEAKHOUSE from October 2017 through October 2018.

17. The allegations in Paragraph 17 are legal conclusions that require neither an admission nor a denial. The Florida Minimum Wage Act speaks for itself and is the best evidence of its requirements. Therefore, the allegations in Paragraph 17 are denied.

18. The allegations in Paragraph 18 are legal conclusions that require neither an admission nor a denial. The Florida Minimum Wage Act speaks for itself and is the best evidence of its requirements. Therefore, the allegations in Paragraph 18 are denied.

19. The allegations in Paragraph 19 are legal conclusions that require neither an admission nor a denial. The text of the FLSA speaks for itself and is the best evidence of its requirements. Therefore, the allegations in Paragraph 19 are denied.

20. The allegations in Paragraph 20 are legal conclusions that require neither an admission nor a denial. The text of the FLSA speaks for itself and is the best evidence of its requirements. Therefore, the allegations in Paragraph 20 are denied.

21. The allegations in Paragraph 21 that "tips are the property of the employee who receives them" under the FLSA is a legal conclusion that require neither an admission nor a denial. Therefore, the allegations in Paragraph 21 are denied.

22. The allegations contained in Paragraph 22 are denied.

23. The allegations contained in Paragraph 23 are denied.

24. The allegations contained in Paragraph 24 are denied.

25. The allegations contained in Paragraph 25 are denied.

26. The allegations contained in Paragraph 26 are denied.

27. The allegations contained in Paragraph 27 are denied.

28. The allegations contained in Paragraph 28 are denied.

29. The allegations contained in Paragraph 29 are denied.

30. The allegations contained in Paragraph 30 are denied.

31. The allegations contained in Paragraph 31 are denied.

32. The allegations contained in Paragraph 32 are denied.

33. The allegations contained in Paragraph 33 are denied.

34. The allegations contained in Paragraph 34 are denied.

35. The allegations contained in Paragraph 35 are denied.

36. The allegations contained in Paragraph 36 are denied.

37. The allegations contained in Paragraph 37 are denied.

38. The allegations contained in Paragraph 38 are denied.

39. Upon information and belief, Defendant admits that Plaintiff retained counsel, but is without sufficient knowledge to admit or deny allegations regarding their fee arrangement.

## COUNT I
## FAILURE TO PAY MINIMUM WAGE IN
## <u>VIOLATION OF THE FLSA, 29 U.S.C. § 201,</u> *et seq.*

40. Defendant reasserts its responses to Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

46. Defendant denies the allegations contained in Paragraph 46.

In response to the "WHEREFORE" clause and its subparts (a) through (e) that follow Paragraph 46 of the Complaint, Defendant denies that Plaintiff (or any alleged similarly situated individual) is entitled to any relief whatsoever, and denies committing any unlawful or illegal acts as alleged by Plaintiff. Defendant demands that Plaintiff take nothing by way of her Complaint, that judgment on all matters cited herein be granted in favor of Defendant, and that Defendant be awarded all of its costs incurred in defending this action, and such other relief as this Court deems just and proper.

## COUNT II
## FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq.*

47. Defendant reasserts its responses to Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

48. Defendant denies the allegations contained in Paragraph 48.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52.

53. Defendant denies the allegations contained in Paragraph 53.

In response to the "WHEREFORE" clause and its subparts (a) through (e) that follow Paragraph 53 of the Complaint, Defendant denies that Plaintiff (or any alleged similarly situated individual) is entitled to any relief whatsoever, and denies committing any unlawful or illegal acts as alleged by Plaintiff. Defendant demands that Plaintiff take nothing by way of her Complaint, that judgment on all matters cited herein be granted in favor of Defendant, and that

Defendant be awarded all of its costs incurred in defending this action, and such other relief as this Court deems just and proper.

## COUNT III. DECLARATION OF RIGHTS[2]

[INTENTIONALLY LEFT BLANK]

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury; however, Defendant denies that there are any triable issues to be heard.

## STATEMENT OF DEFENSES

Without waiving or excusing the burden of proof on Plaintiff's causes of action, Defendant states the following defenses, but does not assume the burden of proof of such defenses except as required by law with respect to the particular defense asserted:

## FIRST AFFIRMATIVE DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in the action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 259, such claims of Plaintiff or "similarly situated individuals" (which Defendant denies the existence of) are barred.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of alleged "similarly situated individuals" (which Defendant denies the existence of) are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation (and any alleged "similarly situated individuals") were taken in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals,

---

[2] Defendant's Motion to Dismiss Count III of Plaintiff's Complaint was filed on March 4, 2019 (Doc. 9).

interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of) are barred in whole or in part by any exemptions, exclusions, exceptions, or credits provided in Section 7 of the FLSA, 29 U.S.C. § 207, including the exemption under Section 7(i) during a portion of the class period, applicable to commissioned employees, and the provisions of 29 U.S.C. § 203(m) and (t) defining the eligibility requirements of the tip credit.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of) are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of) are barred in whole or in part to the extent that the work performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) or (b).

### SIXTH AFFIRMATIVE DEFENSE

The alleged injuries of Plaintiff and any alleged "similarly situated individuals" (which Defendant denies the existence of) were not proximately caused by any unlawful action, policy, custom, practice and/or procedure promulgated and/or tolerated by Defendant and any such

injuries, if any, were caused by the practices or instrumentalities of parties and/or unauthorized individuals other than Defendant and who were not within the exclusive control of Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, and the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of), are barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimis* and therefore is not compensable.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot satisfy the requirements of a collective action under the FLSA, and some or all of the claims asserted in the Complaint are barred, because Plaintiff is not similarly situated to the group of individuals she seeks to represent, the existence of which is expressly denied, and/or the members of the group of individuals Plaintiff purports to represent, the existence of which is expressly denied, are not similarly situated to each other.

### NINTH AFFIRMATIVE DEFENSE

The types of claims alleged by Plaintiff on behalf of herself and the group of individuals which she purports to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class or collective treatment.

### TENTH AFFIRMATIVE DEFENSE

To the extent liability, affirmative defenses, and/or damages, if any, to each member of the alleged group Plaintiff purports to represent are not determined by a single jury or are determined on a group-wide basis, permitting this action to proceed as a collective action violates Defendant's rights under the Fifth, Seventh, Eighth, and Fourteenth Amendments to the U.S. Constitution.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, and the claims of any alleged "similarly situated individuals" (which Defendant denies the existence of), are barred, in whole or in part, because they have been fully compensated for all hours worked in accordance with the applicable provisions of the FLSA.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant Gökçe since he is not an employer or joint employer either of Plaintiff or those alleged similarly-situated individuals she seeks to represent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiff and the alleged similarly-situated individuals she seeks to represent are barred, in whole or in part, because she was compensated for all hours suffered or permitted to work in accordance with the FLSA. Specifically, Plaintiff was a tipped employee during some or all portions of the class period, Defendant adopted tip credit and tip pooling practices in accordance with the FLSA, and Defendant was entitled to a "tip credit" as an offset of wages allegedly due.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because Plaintiff, and/or some or all of the alleged similarly-situated individuals she seeks to represent, agreed to submit "any and all controversies, disputes, or claims arising out of Employee's employment" to binding arbitration, pursuant to an Arbitration Agreement and Waiver of Class/Collective Actions. The agreement is valid and enforceable, it expressly provides that arbitration is the sole means to resolve unresolved claims and disputes, and this dispute falls within the scope of the agreement.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Complaint is barred, in whole or in part, because Plaintiff, and/or some or all of the alleged similarly-situated individuals she seeks to represent, agreed that all claims or disputes between the parties will be arbitrated individually and that the employee will not seek class or collective action treatment for any claim that they may have, and will not participate in any class or collective action, pursuant to an Arbitration Agreement and Waiver of Class/Collective Actions. Because the agreement includes a class and collective action waiver, this putative collective action is prohibited and any arbitration must proceed only on an individual basis.

**SIXTEENTH AFFIRMATIVE DEFENSE**

If Plaintiff or the alleged similarly-situated individuals she seeks to represent file or have filed claims for bankruptcy and fail or have failed to list a wage claim against Defendant as a potential asset in their bankruptcy filings, they are barred from pursuing their wage claims for lack of standing or under the doctrines of judicial estoppel and/or unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to plead other defenses that become known during the discovery of this case.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, deny Plaintiff's demands and prayer for relief, award Defendant his costs and reasonable attorney's fees incurred herein, and grant such other and further relief to which Defendant may be equitably, justly, or legally entitled.

Defendant reserves the right to plead other defenses that become known during the discovery of this case.

**Dated**: April ___, 2019

Respectfully submitted,

*/s/Jonathan A. Beckerman*
Jonathan A. Beckerman, Esq.
Florida Bar No. 568252
E-mail:  jabeckerman@littler.com
Miguel A. Morel, Esq.
Florida Bar No.: 089163
E-mail:  mamorel@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, Florida 33131
Telephone: (305) 400-7500
Facsimile:   (305) 603-2552

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this ___ day of April, 2019 the foregoing document is being served on all counsel of record via transmission of Notices of Electronic filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ *Miguel A. Morel, Esq.*
Miguel A. Morel, Esq.