# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-CV-20277-KMM

MELISSA COMPERE,

       Plaintiff,

vs.

NUSRET MIAMI, LLC d/b/a NUSR-ET
STEAKHOUSE, and NUSRET GOKCE,

       Defendants.

_____

## DECLARATION OF BELEN RODRIGUEZ

I, Belen Rodriguez, declare as follows:

1.     I am the Human Resources Manager for Nusret Miami LLC (Nusret Miami). I have been employed by Nusret Miami since March 2018. I make this declaration in support of Defendants' Motion to Compel Arbitration and Strike Collective Claims.

2.     I am an adult over eighteen (18) years of age and have personal knowledge of the facts set forth in this Declaration or have knowledge based on my personal review of Nusret Miami's records kept in the regular course of business. If called to do so, I can testify competently to the same.

3.     As the Human Resources Manager, I am responsible for, among other things, overseeing the recruiting, interviewing, and hiring of new staff, organizing the onboarding process and paperwork signing process, and coordinating bi-weekly payroll, including preparation of service charge distribution sheets.

1

4.      I am readily familiar with the human resources functions of Nusret Miami, as well as its general business operations, and in the course of my employment, I have access to personnel information and reports maintained and generated in the ordinary course of business concerning its employees. I have reviewed the personnel records that are maintained in the ordinary course of Nusret Miami's business for Melissa Compere, Valdo Sulaj, and Diego Vargas.

5.      Nusret Miami operates Nusr-Et Steakhouse Miami, an upscale, high volume restaurant offering steakhouse-type cuisine at a high price point in Miami, Florida. It caters to guests from all over the world who have high expectations of the food and service level. Its customers also travel across state lines to eat at the restaurant.

6.      My review of company records confirms that, in preparation for the opening of the Nus-Ret Steakhouse in Miami in November 2017, Nusret Miami onboarded scores of employees in September and October 2017, including Compere, Sulaj, and Vargas.

7.      As part of the employee onboarding process in Fall 2017, Nusret Miami's practice was to require new hires to agree to binding arbitration as a condition of employment, and its onboarding practices reflected that requirement. First, Nusret Miami provided an offer letter that explicitly referenced the requirement to arbitrate.

8.      Later, during or after orientation, employees were required to sign the Arbitration Agreement referenced in the offer letter.

9.      From my review of company records, I have discerned that with the press of opening the restaurant and onboarding such a high volume of employees, documents executed by such employees in Fall 2017 sometimes were not filed in such a way that we can promptly retrieve such documents. We continue to search for all executed documents.

2

10.     Compere was hired to work for Nusret Miami beginning October 17, 2018, and she worked in various positions until she was terminated on November 16, 2018. A true and correct copy of Compere's signed Offer Letter is attached to this Declaration as Exhibit A.

11.     Sulaj was hired to work beginning October 10, 2017, and he held the position of Meat Cutter when he was terminated on May 17, 2018. A true and correct copy of Sulaj's signed Offer Letter is attached to this Declaration as Exhibit B.

12.     Vargas, a current employee working as a Meat Cutter, began his employment with Nusret Miami on October 10, 2017. A true and correct copy of the Arbitration Agreement signed by Vargas is attached to this Declaration as Exhibit C.

**Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.**

Executed on this _th day of April, 2019, in Miami, Florida.

Signature: _____

**Belen Rodriguez**
**Human Resources Manager**
**Nusret Miami, LLC**

3

# EXHIBIT A



September 23, 2017
Nusret Miami LLC
999 Brickell Avenue,
Miami, Florida 33131

Re: Employment Offer
Dear **Melissa Compere**;

We are pleased to present to you this offer of employment ("Offer") with Nusret Miami LLC
d/b/a Nusret Steakhouse Miami (the "Restaurant") on the following terms and conditions. This
Offer is contingent upon your successful completion of a background check and a drug test.
The material terms of our offer are set forth below, however, the Restaurant reserves the right
to amend, modify, terminate or interpret any of its current policies, practices, and benefits, at
any time, and thereby modify the terms and conditions of your employment at any time in the
sole discretion of the Restaurant.

| | |
|---|---|
| **Start Date** | No later than October 6, 2017 |
| **Position Title** | Runner, Nusret Steakhouse Miami |
| **Reports To** | General Manager or as the Restaurant directs |
| **Working Hours** | You will be expected to work a full-time schedule and to devote your full time and attention to the Restaurant's affairs during working hours. |
| **Base Salary** | Your hourly rate of pay will be $ 5.08 per hour, less applicable deductions for taxes and other withholdings as required by law or the policies of Restaurant. You will be paid bi-weekly, in accordance with normal Restaurant payroll practices. Your position is non-exempt, which means that you will be eligible to receive overtime compensation for any hours worked over forty (40) in a workweek. Further details regarding your compensation can be found in the enclosed Notice of Pay. (Your training rate of pay will be $ 10.00 per hour.) |
| **Benefits** | You will be eligible to enroll in Health Benefits the first day of the month after 60 days. |
| **Vacation** | Ten (10) days of paid vacation after each year of your employment. Details to be provided in the employee handbook. |
| **Terms of Employment** | Your employment with the Restaurant is at-will. This Offer letter is not a contract, express or implied, guaranteeing employment for any specific duration. Although we hope that your employment relationship with us will be long term, either you or the Restaurant may terminate this relationship at any time and for any reason, with or without cause. |

Prior to your commencement of employment with the Restaurant, you will be required to sign an Arbitration Agreement. We have enclosed a copy of the Arbitration Agreement for your review.

You acknowledge that this Offer and the Arbitration Agreement, contain the entire agreement of the parties with respect to its subject matter and supersedes any previous discussions or negotiations. No waiver, modification or change in any of its provisions shall be valid unless in writing and signed by the party against whom such claimed waiver, modification or change is sought to be enforced.

Additional details regarding your employment with the Restaurant can be found in the employee handbook.

By accepting employment with the Restaurant, you represent that your performance for the Restaurant and your employment by the Restaurant does not and will not breach any agreement to which you are or have been a party including, without limitation, any agreement to keep confidential proprietary information or trade secrets acquired by you prior to the date of your employment with the Restaurant.

Please review all of the terms and conditions of this Offer, and if you have any questions, please contact Bobbie Mesa. If you choose to accept this offer, please sign and return an original copy of this letter, to the attention of Human Resources Director USA, Bobbie Mesa.

We look forward to a successful relationship.

Sincerely,

_____

I have read and understood the provisions of this offer of employment, and accept employment on the terms stated above.

Acknowledged and accepted by:

Signed: _____

Date: _____

# EXHIBIT B



**September 22, 2017**
Nusret Miami LLC
999 Brickell Avenue,
Miami, Florida 33131

Re:  Employment Offer
**Dear Valdo Sulaj;**

We are pleased to present to you this offer of employment ("Offer") with Nusret Miami LLC
d/b/a Nusret Steakhouse Miami (the "Restaurant") on the following terms and conditions.  This
Offer is contingent upon your successful completion of a background check and a drug test.
The material terms of our offer are set forth below, however, the Restaurant reserves the right
to amend, modify, terminate or interpret any of its current policies, practices, and benefits, at
any time, and thereby modify the terms and conditions of your employment at any time in the
sole discretion of the Restaurant.

| | |
|---|---|
| **Start Date** | No later than October 6, 2017 |
| **Position Title** | Runner, Nusret Steakhouse Miami |
| **Reports To** | General Manager or as the Restaurant directs |
| **Working Hours** | You will be expected to work a full-time schedule and to devote your full time and attention to the Restaurant's affairs during working hours. |
| **Base Salary** | Your hourly rate of pay will be $7.00 per hour, less applicable deductions for taxes and other withholdings as required by law or the policies of Restaurant.  You will be paid bi-weekly, in accordance with normal Restaurant payroll practices.  Your position is non-exempt, which means that you will be eligible to receive overtime compensation for any hours worked over forty (40) in a workweek.  Further details regarding your compensation can be found in the enclosed Notice of Pay.  (Your training rate of pay will be $ 10.00 per hour.) |
| **Benefits** | You will be eligible to enroll in Health Benefits the first day of the month after 60 days. |
| **Vacation** | Ten (10) days of paid vacation after each year of your employment. Details to be provided in the employee handbook. |
| **Terms of Employment** | Your employment with the Restaurant is at-will.  This Offer letter is not a contract, express or implied, guaranteeing employment for any specific duration.  Although we hope that your employment relationship with us will be long term, either you or the Restaurant may terminate this relationship at any time and for any reason, with or without cause. |

Prior to your commencement of employment with the Restaurant, you will be required to sign an Arbitration Agreement. We have enclosed a copy of the Arbitration Agreement for your review.

You acknowledge that this Offer and the Arbitration Agreement, contain the entire agreement of the parties with respect to its subject matter and supersedes any previous discussions or negotiations. No waiver, modification or change in any of its provisions shall be valid unless in writing and signed by the party against whom such claimed waiver, modification or change is sought to be enforced.

Additional details regarding your employment with the Restaurant can be found in the employee handbook.

By accepting employment with the Restaurant, you represent that your performance for the Restaurant and your employment by the Restaurant does not and will not breach any agreement to which you are or have been a party including, without limitation, any agreement to keep confidential proprietary information or trade secrets acquired by you prior to the date of your employment with the Restaurant.

Please review all of the terms and conditions of this Offer, and if you have any questions, please contact Bobbie Mesa. If you choose to accept this offer, please sign and return an original copy of this letter, to the attention of Human Resources Director USA, Bobbie Mesa.

We look forward to a successful relationship.

Sincerely,

_____

I have read and understood the provisions of this offer of employment, and accept employment on the terms stated above.

Acknowledged and accepted by:

Signed: _____

Date: _____

# EXHIBIT C

## FLORIDA ARBITRATION AGREEMENT
## AND WAIVER OF CLASS/COLLECTIVE ACTIONS

By their signatures below, the parties hereto agree that any and all controversies, disputes, or claims arising out of Employee's employment by Nusret Miami, LLC d/b/a Nusret Steakhouse Miami ("Nusret"), whether contractual, in tort, or based upon statute, shall be exclusively decided by binding arbitration held pursuant to the Federal Arbitration Act ("FAA") before the American Arbitration Association ("AAA") Miami-Dade County, and shall be administered by a neutral arbitrator agreed upon by the parties pursuant to the AAA's Employment Arbitration Rules and Mediation Procedures, and that the arbitrator shall be permitted to award any relief available in a court of law. The parties hereby waive any right to litigate such controversies, disputes, or claims in a court of law, and waive any right to trial by jury. Either party, without waiving any remedy, may seek from any court having jurisdiction any interim or provisional relief, including injunctive relief that is necessary to protect the party's rights or property.

Claims subject to arbitration, include, without limitation, claims arising under the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Genetic Information Nondiscrimination Act of 2008, the Employee Retirement Income Security Act of 1974 (except for vested benefits under any tax qualified benefit plan), the Fair Labor Standards Act of 1938, the Florida Civil Rights Act, the Florida General Labor Regulations, and any other applicable Florida wage and overtime laws, all of the above as amended, and any other Federal, State or local law, Executive Order or regulation, and any other claims (including but not limited to breach of contract and common law claims) arising out of or related to Employee's performance of services for, and/or the termination of his or her contract with, Nusret.

In arbitration all parties have the right to be represented by legal counsel, the arbitrator shall permit reasonable discovery, the parties shall have the right to subpoena witnesses in order to compel their attendance at hearings and to cross-examine witnesses, the proceedings shall be conducted in accordance with rudimentary due process, and the arbitrator's decision shall be in writing and shall contain findings of fact and conclusions of law. The parties agree that the arbitrator's decision will be final, subject only to review under the FAA. All fees and costs of arbitration shall be shared equally by the parties, to the extent permitted by applicable law. Any award by the arbitrator may be entered as a judgment in any court having jurisdiction.

The parties agree that any judgment, order, or ruling arising out of a dispute between the parties shall, to the extent permitted by applicable law, award costs incurred for the proceedings and reasonable attorneys' fees to the prevailing party.

**To the extent permitted by applicable law, arbitration must be initiated within one (1) year from the date a claim heretofore arose or hereinafter arises or shall forever be waived and all other proceedings barred.**

**All claims or disputes between the parties (and any other persons or entities associated with Nusret) will be arbitrated individually; the parties understand and agree that they will not consolidate their claims with the claims of any other**

**individual or entity; will not seek class or collective action treatment for any claim that they may have; and will not participate in any class or collective action against each other or against any persons or entities associated with each other.**

If at any time the Employee is made a member of a class in any proceeding, he or she will "opt out" at the first opportunity, and should any third party pursue any claims on the Employee's behalf, the Employee must waive his or her rights to any such monetary recovery.

**Employee**

_____
(Signature)

Name (Print): Diego Vargas

Date: 10/13/2017

**Nusret Miami, LLC d/b/a Nusret Steakhouse Miami**

By:_____
(Signature)

Name (Print):

Title:

Date:

[7865-1/5371449/1]