UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-CV-20277-AHS

MELISSA COMPERE, on behalf of herself and
others similarly situated,

    Plaintiff,

vs.

NUSRET MIAMI, LLC d/b/a Nusr-et Steakhouse, a Florida limited liability company, and NUSRET GOKCE, an individual,

    Defendants.
_____/

**PLAINTIFFS' MEMORANDUM OF LAW OPPOSING DEFENDANTS' MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER REGARDING PLAINTIFFS' DEPOSITION *DUCES TECUM* OF DEFENDANTS' ACCOUNTING FIRM PAPERCHASE ACCOUNTING**

Plaintiff, MELISSA COMPERE, on behalf of herself and others similarly situated, and pursuant to Court Order [ECF No. 133] files this Memorandum of Law in Opposition to Defendants' Motion to Quash and Motion for Protective Order [ECF No. 129] regarding Plaintiff's Deposition *Duces Tecum* of Paperchase Accounting [ECF No. 129-1], and states the following:

## A "SERVICE CHARGE" IS NOT A TIP

Throughout the relevant time period, Defendants have included an 18% gratuity on checks presented to customers. Starting in late April, 2018 and continuing through the present, Defendants have refused to pay any hourly wage to most, if not all, of their front-of-the-house tipped employees. Plaintiffs claim that the mandatory gratuity added to customer checks at Nusr-et Steakhouse is a tip, under the law, and therefore their property; Defendants argue that the mandatory gratuity is a service charge, and therefore the company's property. The distinction is significant. If the gratuity is a tip, it is the employees' property, and the employee must be paid an hourly wage and cannot be forced to share the tip with the employer. If the mandatory gratuity becomes a service charge, however, it becomes the employer's money, and the employer can keep it for himself, and pay the employee no hourly wage at all. But, to be considered the employer's money, it must be the employer's money for all purposes, including accounting and taxes.

"[S]ervice charges and other similar sums which become part of the employer's gross receipts are not tips for the purposes of the Act." *Vasquez v. SB ICE, LLC*, 2006 WL 8433156, at *3 (S.D.Fla. Feb. 28, 2006) (Simonton, J.). "In order to count a service charge as an offset to an employer's minimum wage liability, the service charge must 'have been included in the establishment's gross receipts' and 'distributed by the employer to its employees.'" *Shaw v. Set Enterprises, Inc.*, 241 F.Supp.3d 1318, 1329 (S.D.Fla. 2017) (Dimitrouleas, J.), quoting *McFeeley v. Jackson St. Entm't,* LLC, 825 F.3d 235, 246 (4th Cir. 2016); see also *Vaughan v. M-Entm't Props., LLC,* 2016 WL 7365201, at *11 (N.D.Ga. Mar. 15, 2016) (explaining that all courts interpreting 29 C.F.R. § 531.55(b) have concluded that the regulation requires an employer "to include such service fees in its gross receipts in order to count the amount toward the employer's minimum-wage requirement.").

## PLAINTIFFS' REQUEST IS NARROWLY TAILORED

Plaintiffs' subpoena of Defendants' accountant and the attached *duces tecum* request is narrowly tailored and proportional to the needs of this case. Each document request is narrowly focused on a single question: did the Defendant Company include service charges in its gross receipts?

On the issue of relevancy, Judge Becerra found for Plaintiff: "this discovery is relevant to Plaintiffs' theory of damages and is also relevant to the issue of how Defendants treated the service charge." [ECF No. 89]. Judge Becerra further instructed the Parties that, if Plaintiffs "continue[d] to need documents," they should "formulate a new document request for the specific documents needed" regarding the service charge issue. Id. Because the corporate representative was unresponsive as to whether service charges are included in the company's gross receipts [Exhibit "A"], Plaintiffs request this information from the Defendants' accountant.

Defendants has said that Plaintiff received "all financial discovery the Court deemed relevant" in the 30(b)(6) deposition [ECF No. 129]. This is not true. In fact, the 30(b)(6) witness provided no useful financial discovery as to the accounting or tax treatment of mandatory gratuities at Defendants' restaurant. Therefore, pursuant to Judge Becerra's findings, Plaintiffs have formulated a new request. It is substantially narrowed from the 30(b)(6) request. It is focused on whether the company treats these gratuities for accounting and tax purposes. A side-by-side comparison of the previous and current request is illuminating:

| Documents Requested? | Then – 30(b)(6) | Now - Accountant |
|---|---|---|
| ~~Computer Tapes~~ | ~~Yes~~ | ---- |
| ~~Discs~~ | ~~Yes~~ | ---- |
| **Annual Financials** | Yes | Yes |
| ~~Quarterly Financials~~ | ~~Yes~~ | ---- |
| **Monthly Financials** | Yes | Yes |
| ~~Weekly Financials~~ | ~~Yes~~ | ---- |
| ~~Daily Financials~~ | ~~Yes~~ | ---- |
| ~~Annual Auditor's Report~~ | ~~Yes~~ | ---- |
| **Balance Sheets** | Yes | Yes |
| **Profit and Loss Statements** | Yes | Yes |
| **Cash Flow Statement** | No | Yes |
| ~~Filings with SEC or other Federal agencies~~ | ~~Yes~~ | ---- |
| ~~Trial Balances~~ | ~~Yes~~ | ---- |

| **Federal Income Taxes** | Yes | Yes |
|---|---|---|
| ~~State Income Taxes~~ | ~~Yes~~ | ---- |
| ~~Quarterly Estimated Tax Returns~~ | ~~Yes~~ | ---- |
| **Sales Tax Returns** | Yes | Yes |
| ~~Periodic Reports Required by SEC, FTC or other regulatory body~~ | ~~Yes~~ | ---- |

The Defendants argue that the subpoena is overbroad is meritless. As stated by this Court in a similar motion to quash a non-party subpoena to a party's accountant, "it is not at all clear that the subpoena calls for irrelevant documents," and Defendants "may move *in limine* to exclude any irrelevant documents that may be produced." Further, Defendants have no standing to claim any "unnecessary burden and expense" because they are not required to produce anything. *Abby v. Paige*, 2011 WL 13223835, at *2 (S.D.Fla. Mar. 16, 2011) (McAliley, J.).

## SERVICE CHARGE v. TIPS and GROSS RECEIPTS

**29 C.F.R. § 531.55 Examples of amounts not received as tips.**

> **(a)** A compulsory charge for service, such as 15 percent of the amount of the bill, imposed on a customer by an employer's establishment, is not a tip and, even if distributed by the employer to its employees, cannot be counted as a tip received in applying the provisions of section 3(m) and 3(t). Similarly, where negotiations between a hotel and a customer for banquet facilities include amounts for distribution to employees of the hotel, the amounts so distributed are not counted as tips received.
>
> **(b)** As stated above, **service charges** and other similar sums which become part of the employer's **gross receipts** are not tips for the purposes of the Act. Where such sums are distributed by the employer to its employees, however, they may be used in their entirety to satisfy the monetary requirements of the Act.

Plaintiffs anticipate the Defendants will argue that "gross receipts" are capable of more than one meaning. This is a red herring. This argument has been made, and met, before. A particularly incisive analysis is provided by the Court in *Prusin v. Canton's Pearls, LLC*, 2017 WL5126156 (D. Md. Nov. 6, 2017). After reviewing 29 C.F.R. § 531.55(b), the Court analyzes, and dismisses, the defendants' position that merely keeping a record of mandatory gratuities is sufficient. "[T]he mere fact that Defendants maintained a record of the mandatory gratuities

received by *employees* does not mean that those charges ever became part of *Defendants'* gross receipts—they did not." *Id.*, at *8. In *Prusin*, the defendants' accountant testified, and this testimony proved to the Court that the defendants "viewed [the mandatory gratuity] as income solely of the employee not the employer." *Id.*, at 8. It was not included in the company's gross receipts for tax and accounting purposes and, therefore, not a service charge under the FLSA.

### **PLAINTIFF OFFERED TO STIPULATE – DEFENDANTS DECLINED**

As previously stated, to employ a valid service charge, the Defendants must have included the mandatory gratuities in their gross receipts. Tellingly, Defendants' defenses rely on having a valid service charge, but they refuse to present any proof. At the discovery hearing in this Court on February 5, 2020, Plaintiffs' counsel offered to cancel the accountant's deposition if Defendants would merely stipulate that Defendant Nusret Miami LLC did not include service charges in its gross receipts. Defendants' counsel, Jonathan Beckerman, indicated that he was agreeable to this, and the Court gave Defendants until that Friday to discuss and file their stipulation. They declined.

One must assume then that the "service charges" are not included in the Defendants' gross receipts. If they were, they would have already disclosed these documents, because that would help proved their third affirmative defense. There is no confidentiality concern because the Parties have a broad and binding agreement. [ECF No. 117]. Plaintiffs seek only relevant accounting and tax documents that will allow the Court to determine if these mandatory gratuities were or were not included in the company's gross receipts. These documents are not just relevant, they are dispositive as to one or more the Defendants' defenses. This offer of stipulation is still on the table.

### **PURPOSE OF REQUIRING SERVICE CHARGES BE INCLUDED GROSS RECEIPTS**

Service charges must included in a company's gross receipts to prove, for tax and accounting purposes, that the charges are actually the *employer's*, not the *employees'*, money. This distinction is important. "If the mandatory gratuities are service charges, Defendants are entitled to offset the full amount of the charge against their minimum wage liability and need not show that they complied with the tip credit notice provisions." *Pusin*, at *6. This is an extraordinary exemption which creates a huge transfer of wealth. No longer being paid an hourly

wage, each server's income (and that of other tipped employees) is cut $10,880.00.[1] And, the employer can now take some of the service charge *because it is the employer's money*. Therefore: "[I]n order to use mandatory gratuities to offset their minimum wage obligations, Defendants must show that [Employer] treated the charges like other forms of business income and distributed them to employees like other wages. According to Plaintiff, at a minimum, this means that Defendants must have recorded and reported mandatory gratuities as gross receipts for accounting and tax purposes." *Pusin*, at *7. And: "[W]hat matters is not just whether the defendant recorded the amount of money received in service charges, but whether that money was treated as having been received by [Defendant] for accounting purposes, tax purposes, etc." Id., at *7, quoting *Gardner v. Country Club, Inc.*, 2015 WL 7783556, at *20 (D.S.C. Dec. 3, 2015)(citing *Hart v. Rick's Cabaret, Int'l, Inc.*, 967 S.Supp.2d 901, 929–30 (S.D.N.Y. 2013).

### Defendants Have Waived Any Accountant-Client Privilege

Defendants have made a vague claim of a possible Florida accountant-client privilege regarding these documents. This is unsupported by Florida law. The accountant-client privilege "can be waived by a party if it injects into a case an issue that requires an examination of otherwise protected communications." *Choice Restaurant Acquisition, Ltd.*, 816 So.2d 1165, 1167 (Fla. 4th DCA 2002). "[I]t is the rule in Florida that a party who bases a claim on matters which would be privileged, the proof of which will necessitate the introduction of privileged matter into evidence, and then attempts to raise the privilege so as to thwart discovery, may be deemed to have waived that privilege." *Choice*, citing *Savino v. Luciano,* 92 So.2d 817, 819 (Fla. 1957). In the instant case, Defendants have injected the issue of service charges and the 7(i) exemption through their third affirmative defense.

Respectfully Submitted February 13, 2020,

By: **s/Robert W. Brock II**
Robert W. Brock II, Esq. (Fla. Bar. 75320)
robert@kuvinlaw.com
17 E. Flagler St., Ste. 223, Miami, FL 33131
Tel.: 305.358.6800
*Attorney for Plaintiffs*

---

[1] This is a conservative calculation. 40 minimum wage hours per week x $5.44 per hour tipped employee minimum x 50 weeks per year = $10,880.00. It does not include overtime, nor the employer's potential retention of charges.