UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:19-CV-20277-AHS

MELISSA COMPERE,

    Plaintiff,

vs.

NUSRET MIAMI, LLC et al.,

    Defendants.

_____/

**DEFENDANT NUSRET MIAMI LLC'S RESPONSE AND OBJECTIONS TO
OPT-IN PLAINTIFF ALDA CASTILLA'S FIRST REQUEST FOR PRODUCTION**

Defendant NUSRET MIAMI, LLC ("Nusret" or "Defendant"), pursuant to Federal Rule of Civil Procedure 34, hereby serves its Answers and Objections to Opt-In Plaintiff Alda Castilla's First Request for Production.

**[INTENTIONALLY LEFT BLANK]**

1

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All of Plaintiff's 2017: "Timecard Reports"; "Timecard Detail Reports"; "Employee Schedule Reports"; "Commission Reports"; "Service Charge Reports"; "Tip Reports"; "Tip Out Receipt Forms"; "Earnings Statements"; "Timecard Error Reports"; "Hours Reports"; and any and all other documents setting forth and/or regarding the hours of employment and compensation of ALL Plaintiffs, including but not limited to contracts, timecards (punchcards/timesheets), work schedules, payroll records, maintenance schedules, physical/medical schedules, substitution schedules, court time, accident reporting, accident time, discipline, advisory meetings, in-service meetings, meeting schedules, federal, state, and local tax records.

### RESPONSE:

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Defendant objects to the use of the term "contract," insofar as it calls for a legal conclusion regarding any of the records contained in Ms. Castilla's personnel records, which have been produced. Subject to and without waiving Defendant's objections, and limiting its response to Ms. Castilla, Defendant states that all documents responsive to this Request in its custody, control, or possession have been produced, including payroll, time records, earning statements, distribution sheets, W2-Forms, and Ms. Castilla's personnel file.

### REQUEST FOR PRODUCTION NO. 2:

All documents during the Relevant Time Period ranking employees by sales; showing ALL Plaintiffs and other employees' total sales; showing employees alcohol sales statistics; and/or otherwise describing employee performance.

### RESPONSE:

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Defendant further objects to this Request insofar as it unreasonably requires Defendant to create any records, including reports, or

spreadsheets, other than what it has already created and produced. Defendant further objects to the portion of this Request seeking "alcohol sales statistics" on the grounds that it is vague and ambiguous, and otherwise not relevant or proportional to the needs of the case. Subject to and without waiving Defendant's objections, and limiting its response to Ms. Castilla, Defendant refers Plaintiff to the consolidated sales reports, distribution sheets, payroll records, and the records contained in Ms. Castilla's personnel file, which have been produced.

**REQUEST FOR PRODUCTION NO. 3:**

All timecards, timesheets, paystubs, spreadsheets, computer files, handwritten notes, and other documents documenting ALL Plaintiffs' work, work hours, time at work, pay, and services.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Defendant further objects to this Request insofar as it unreasonably requires Defendant to create any records, including reports, or spreadsheets, other than those that were created. Subject to and without waiving Defendant's objections, and limiting its response to Ms. Castilla, Defendant refers Plaintiff to the, distribution sheets, payroll and time records, earning statements, W2 Forms, and the records contained in her personnel file, all which have been produced.

**REQUEST FOR PRODUCTION NO. 4:**

For all public parties, private parties, events, special events, holiday events, and other work (collectively 'event' or 'events') worked by ALL Plaintiffs during the Relevant Time Period, all payout emails, event payout logs, event sales logs, event summaries, event documents, event communications, event commission calculation sheets, event time logs, time error sheets, event compensation documents, spreadsheets, wage documents, used to log any dollar amounts related to the events and used in any way to calculate Plaintiff's wages.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Defendant further objects to this Request as vague and ambiguous as to the terms "public parties, private parties, events, special events, holiday events" and "event commission calculation sheets, event time logs, time error sheets, event

compensation documents, spreadsheets, wage documents, used to log any dollar amounts related to the events and used in any way to calculate Plaintiff's wages." Subject to and without waiving its objections, Defendant states that all time and payroll records, including distribution sheets for Plaintiff Castilla have been produced. Defendant is unaware of any additional time and payroll records or distribution sheets used to calculate Ms. Castilla's pay.

**REQUEST FOR PRODUCTION NO. 5:**

All documents referring or relating to Defendant's policy regarding regular and overtime pay as it related to ALL Plaintiffs during the Relevant Time Period.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Subject to and without waiving its objections and limiting its response to Plaintiff Castilla, Defendant states that all documents responsive to this Request have been produced.

**REQUEST FOR PRODUCTION NO. 6:**

All agreements, signed policies, and contracts with ALL Plaintiffs as well as any documents signed by any of ALL Plaintiffs.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Defendant further objects to this Request's use of the term "contract," insofar as it seeks a legal conclusion regarding any documents contained in Ms. Castilla's personnel file, which has been produced. Subject to and without waiving its objections and limiting its response to Plaintiff Castilla, Defendant states that it is not in possession of employment "contracts" for Ms. Castilla, as she was an at will employee. Notwithstanding, all records that may be responsive to this Request have been produced, including records contained in Ms. Castilla's personnel file, which was produced.

**REQUEST FOR PRODUCTION NO. 7:**

All documents referring or relating to Defendant's policy regarding payment to ALL Plaintiffs for services provided by ALL Plaintiffs to Defendant.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Defendant further objects to this Request as vague and ambiguous. The Request seeks "all documents referring or relating to Defendant's policy regarding payment . . . for services provided . . . to Defendant." Absent further clarification, Defendant is unsure as to what is being requested.

**REQUEST FOR PRODUCTION NO. 8:**

All correspondence to ALL Plaintiffs, from ALL Plaintiffs and/or discussing Plaintiff.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla.  Subject to and without waiving its objections and limiting its response to Plaintiff Castilla, Defendant states that it is not in possession of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All correspondence with other business owners and other businesses pertaining to the roll out and implementation of the 7(i) exemption by Defendant.

**RESPONSE:**

Defendant objects to this Request as overly broad, vague and ambiguous, as to the use of the phrase "roll out and implementation of the 7(i) exemption."  The Section 7(i) is inherent in the FLSA and thus was not "rolled out." *See* U.S.C. 207(i) ("No employer shall be deemed to have violated subsection (a) by employing any employee at a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to [her] . . .  and (2)

more than half [her] compensation for a representative period (not less than one month) represents commissions on goods or services. . ..").

**REQUEST FOR PRODUCTION NO. 10:**

All spreadsheets used to calculate ALL Plaintiffs' pay during the Relevant Time Period, in their original electronic format, preserving all meta data.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Defendant further objects to this Request insofar as it unreasonably requires Defendant to create any records, including reports, or spreadsheets, other than those that were created. Defendant further objects to this Request insofar as it requires Defendant to reveal the identities of non-participating class members. Subject to and without waiving Defendant's objections and limiting its response to Ms. Castilla and the opt-in plaintiffs who joined the action prior to the notice period, Defendant states that documents responsive to this Request were produced in .pdf format, including the distribution sheets for the relevant time period. Defendant is unable to produce the excel spreadsheets in a native format without revealing the identities of non-participating class members.

**REQUEST FOR PRODUCTION NO. 11:**

All other documents used to calculate ALL Plaintiffs' pay, wages, commissions and/or compensation during the Relevant Time Period.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Defendant further objects to this Request on the grounds that it is overly broad, vague and ambiguous as to the term "all other documents," which is not limited, defined, or explained in any way. Subject to and without waiving its objections, Defendant stats that all payroll and time records, as well as distribution sheets and sales reports, for Plaintiff Castilla have been produced.

**REQUEST FOR PRODUCTION NO. 12:**

All original receipts; sales data; revenue data; and service charge data which sets forth the original amounts of receipts; sales data; revenue data; and service charge data used to populate the spreadsheets and other documents used to calculate All Plaintiffs' pay, wages, commissions and/or compensation during the Relevant Time Period (include all source documents used to populate the spreadsheets and pay documents).

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Defendant further objects to this Request on the grounds that it is overly broad, vague and ambiguous as to the terms "original receipts; sales data; revenue data; and service charge data," which terms are not limited, defined, or explained. Subject to and without waiving its objections, Defendant stats that all payroll and time records, as well as distribution sheets and sales reports, reflecting Plaintiff Castilla's pay and calculation of her wages for the relevant time period have been produced.

**REQUEST FOR PRODUCTION NO. 13:**

All correspondence between and amongst Defendant's supervisors and employees mentioning and/or discussing timeclock errors, time recordation errors, failures of employees to clock out, and recordkeeping problems during the Relevant Time Period.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Subject to and without waiving its objections, Defendant states: None. Defendant has no record of Ms. Castilla raising issues with management regarding any errors with the timekeeping software or with her ability (or inability) to record her hours worked. And, Ms. Castilla testified that she had no issues with her time records. *See* Castilla Dep. 37:7-38:9.

**REQUEST FOR PRODUCTION NO. 14:**

All correspondence between and amongst Defendant's supervisors and employees mentioning and/or discussing inability and/or potential inability to properly calculate commissions during the Relevant Time Period.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Defendant further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous given its use of the phrase "inability and/or potential inability to properly calculate commissions." Defendant further objects to this Request insofar as it seeks post-litigation correspondence protected from disclosure by the attorney client and/or work product doctrine. Notwithstanding its objections, Defendant is unaware of any documents that may be responsive to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All correspondence and documents supporting your contention that you did not willfully violate the FLSA and that you implemented the 7(i) exemption in good faith, if you so contend.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Defendant further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous given its use of the phrase "did not willfully violate the FLSA." Defendant further objects to this Request insofar as it seeks post-litigation correspondence protected from disclosure by the attorney client and/or work product doctrine. Notwithstanding its objections, Defendant is unaware of documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

All documents supporting Defendant's Affirmative Defenses.

**RESPONSE:**

All documents responsive to this Request have been produced.

**REQUEST FOR PRODUCTION NO. 17:**

All documents documenting "comps" for each day worked by ALL Plaintiffs for all "comps" on checks associated with ALL Plaintiffs and on all checks that affected ALL Plaintiffs' pay, wages, commissions and/or compensation during the Relevant Time Period.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Defendant further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous given its use of the phrase "comps," which is not limited, defined, or explained in any way. Subject to and without waiving its objections, and limiting its response to Ms. Castilla, Defendant states that it has no documents responsive to this Request. Ms. Castilla testified during her deposition that a service charge was never removed from any of her guest bills. *See* Castilla Dep. 27:1-4.

**REQUEST FOR PRODUCTION NO. 18:**

All documents Defendant was required to maintain by the FLSA during the Relevant Time Period pertaining to ALL Plaintiffs' employment.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is overly broad, vague and ambiguous, and insofar as it seeks a legal conclusion as to its use of the phrase "documents Defendant was required to maintain by the FLSA during the Relevant Time Period." Notwithstanding its objections, Defendant refers Plaintiff to photographs of its workplace posters, which were produced in response to Plaintiff's First Request for Production of Documents.

**REQUEST FOR PRODUCTION NO. 19:**

All envelopes — and documents in the envelopes — with any amounts or words written on them pertaining to ALL Plaintiffs' pay, wages, commissions and/or compensation and pay, wages, commissions and/or compensation of all other employees whose "commission" pay or calculation affected ALL Plaintiffs' pay, wages, commissions and/or compensation in any way, including all "cash out envelopes" during the Relevant Time Period.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla. Defendant further objects to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous given its use of the phrase "envelopes – and documents in the envelopes." Absent further clarification, Defendant understands the terms to mean earning statements and paystubs for Ms. Castillo. Subject to its understanding, Defendant states that it has produced all earning statements and paystubs for Ms. Castillo.

**REQUEST FOR PRODUCTION NO. 20:**

All payroll records for all employees whose sales or pay affected the calculation of ALL Plaintiffs' pay, wages, commissions and/or compensation in any way.

**ANSWER:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing insofar as it is not limited to Plaintiff Alda Castilla, particularly given its definition of the term "All Plaintiffs." Defendant further objects to this Request on the grounds that it seeks confidential information regarding individuals who are not parties to this action, including non-participating class members. Subject to and without waiving its objections, Defendant states that it has produced all payroll and time records, as well as distribution sheets and sales reports, for all opt-in plaintiffs who joined this action prior to the notice period.

**REQUEST FOR PRODUCTION NO. 21:**

All investigative reports and internal reports pertaining to ALL Plaintiffs during the Relevant Time Period.

**RESPONSE:**

Defendant objects to this Request to the extent it seeks post-litigation documents and information protected from disclosure by the attorney client privilege and/or attorney work product doctrine. Defendant further objects to this Request as vague and ambiguous given the terms "investigative reports and internal reports," which are not limited, explained, or defined. Defendant further objects to this Request and its use of the term "All Plaintiffs," insofar as it is not limited to documents and information pertaining to Opt-In Alda Castillo.

**REQUEST FOR PRODUCTION NO. 22:**

All employment and/or work documents provided to ALL Plaintiffs, including but not limited to, any employee handbooks, employee notices, employee policy documents, disclosure forms, safety notices, privacy notices, statutorily required documents, workers compensation documents, insurance policies, work expectations documents, safety documents, instruction forms, waivers, safety waivers, employment agreements, independent contractor agreements, tax forms, and insurance policies.

**RESPONSE:**

Defendant objects to this Request and its use of the term "All Plaintiffs," insofar as it is not limited to documents and information pertaining to Opt-In Alda Castillo. Defendant objects to this Request on the grounds that it seeks information that is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence insofar as it is not limited to documents pertaining to the FLSA claims at issue in this lawsuit. Subject to and without waiving its objections, Defendant refers Plaintiff to its employee handbook, which was produced in this action, as well as the records produced in the personnel file of Ms. Castillo.

**REQUEST FOR PRODUCTION NO. 23:**
All correspondence and documents regarding and/or discussing any lost or destroyed sales receipts, cash out envelopes, and/or payroll documents during the Relevant Time Period (including electronic files and text messages). This does not include your correspondence directly with your attorneys.

**RESPONSE:**

Defendant objects to this Request insofar as it seeks post-litigation documents protected from disclosure by the attorney client and/or work product doctrine. Defendant objects to this Request insofar as it is not limited to the claims of Opt-In Plaintiff Castilla. Defendant further objects to this Request as overly broad, unduly burdensome, in that it fails to describe the categories of documents sought with reasonable particularity and is not limited in terms of substance, scope, or any particular employee and/or relevant decision maker.

**REQUEST FOR PRODUCTION NO. 24:**

All correspondence, documents, and invoices during the Relevant Time Period regarding third party storage, inhouse storage, attempted recovery of hard drive data and/or attempted preservation of printed spreadsheets, cash out envelopes, sales receipts and documents, including all of the foregoing used to calculate ALL Plaintiffs' pay. This does not include your correspondence directly with your attorneys.

**RESPONSE:**

Defendant objects to this Request insofar as it seeks post-litigation documents protected from disclosure by the attorney client and/or work product doctrine. Defendant objects to this Request insofar as it is not limited to the claims of Opt-In Plaintiff Castilla. Defendant further objects to this Request as overly broad, unduly burdensome, in that it fails to describe the categories of documents sought with reasonable particularity and is not limited in terms of substance, scope, or any particular employee and/or relevant decision maker. Subject to and notwithstanding its objections, Defendant has produced all time and payroll records, as well as sales reports, and distribution sheets related to Plaintiff Castilla and the opt-in Plaintiffs who joined the action prior to the notice period.

**REQUEST FOR PRODUCTION NO. 25:**

All written, oral, recorded, or transcribed statements by ALL Plaintiffs, Defendant, Defendant, NUSRET GOKCE and/or any other witnesses pertaining to the issues in this lawsuit. If any statements were recorded, produce any and all tapes of recorded statements.

**RESPONSE:**

Defendant objects to this Request insofar as it seeks post-litigation documents protected from disclosure by the attorney client and/or work product doctrine. Defendant objects to this Request insofar as it is not limited to the claims of Opt-In Plaintiff Castilla. Defendant further objects to this Request as vague and ambiguous as to the use of the term "statements."

**REQUEST FOR PRODUCTION NO. 26:**

All written statements, emails, texts, notes, diaries, calendars, memoranda, reports or other documents made by Defendant, or on Defendant's behalf, relating to the issues raised by ALL Plaintiffs in the Complaint or relating to ALL Plaintiffs' employment by Defendant.

**RESPONSE:**

Defendant objects to this Request insofar as it seeks post-litigation documents protected from disclosure by the attorney client and/or work product doctrine. Defendant objects to this Request insofar as it is not limited to the claims of Opt-In Plaintiff Castilla. Defendant further objects to this Request as overly broad, unduly burdensome, vague and ambiguous, as it fails to describe the categories of documents sought with reasonable particularity and is not limited in terms of substance, scope, or any particular employee and/or relevant decision maker. Subject to and notwithstanding its objections, Defendant has produced all time and payroll records, as well as sales reports, and distribution sheets related to Plaintiff Castilla and the opt-in Plaintiffs who joined the action prior to the notice period.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all documents, with the name of any of ALL Plaintiffs anywhere on the document (as with all requests, please provide a privilege log as to any documents for which you assert privilege) made or created during the Relevant Time Period.

**RESPONSE:**

Defendant objects to this Request insofar as it seeks post-litigation documents protected from disclosure by the attorney client and/or work product doctrine. Defendant objects to this Request insofar as it is not limited to the claims of Opt-In Plaintiff Castilla. Defendant further objects to this Request as overly broad, unduly burdensome, vague and ambiguous, as it fails to describe the categories of documents sought with reasonable particularity and is not limited in terms of substance, scope, or any particular employee and/or relevant decision maker. Subject to and notwithstanding its objections, Defendant has produced all time and payroll records, as well as sales reports, and distribution sheets related to Plaintiff Castilla and the opt-in Plaintiffs who joined the action prior to the notice period.

**REQUEST FOR PRODUCTION NO. 28:**

All documents supporting your contention that you properly implemented a 7(i) exemption and properly complied with FLSA laws, if you so contend, including all /correspondence with your attorneys.

**RESPONSE:**

Defendant objects to the portion of this request seeking "all / correspondence with your attorney's" on the grounds that it seeks information protected from disclosure by attorney client privilege. All documents supporting Defendants' position that it did not violate the FLSA pursuant to Section 7(i) have been produced, including all time and payroll records for Ms. Castillo.

**REQUEST FOR PRODUCTION NO. 29:**

All correspondence and documents discussing your implementation of the 7(i) exemption, including all correspondence with your attorneys.

**RESPONSE:**

Defendant objects to this request insofar as it seeks information protected from disclosure by the attorney client privilege and/or attorney work product doctrine, particularly since it expressly demands all correspondence with Defendant's attorneys. The Request is also overly broad, unduly burdensome, harassing, and vague and ambiguous as it generally demands the production of "discussing your implementation of the 7(i) exemption" without identifying the categories of documents sought with reasonable particularity.

**REQUEST FOR PRODUCTION NO. 30:**

All correspondence and documents discussing your compliance with FLSA laws during the Relevant Time Period including all correspondence with your attorneys.

**RESPONSE:**

Defendant objects to this request insofar as it seeks information protected from disclosure by the attorney client privilege and/or attorney work product doctrine, particularly since it expressly demands all correspondence with [Defendant's] attorneys." The Request is also overly broad, unduly burdensome, harassing, and vague and ambiguous as it generally demands the production of "documents discussing your compliance with FLSA laws during the Relevant" without identifying the categories of documents sought with reasonable particularity.

**REQUEST FOR PRODUCTION NO. 31:**

All documents and records relating to any charges, claims, or actions against the Defendant within the past 5 years for violations of the FLSA or state or federal labor laws.

**RESPONSE:**

Defendant objects to this request insofar as it seeks information protected from disclosure by the attorney client privilege and/or attorney work product doctrine. Defendant further objects to this request as unduly burdensome and harassing insofar as it requests information that is publicly available and equally accessible to Plaintiff. Defendant objects to this request on the grounds that

it seeks documents and information that are neither relevant to the claims and defenses at issue in this action, nor proportional to the needs of this case. More precisely, documents "pertaining to any charges, claims, or actions against Defendant" are not relevant to this case. The Request is also overly broad, unduly burdensome, harassing, and vague and ambiguous as it generally demands the production of "all documents and records relating to any charges, claims, or actions against Defendant for the last five years" without identifying the categories of documents sought with reasonable particularity. Defendant also objects to this Request insofar as it may encompass private and confidential information pertaining to non-parties.

**REQUEST FOR PRODUCTION NO. 32:**

All documents identified in Defendant's answers to Plaintiff's First Set of Interrogatories and all documents referred to by Defendant in preparing its answers to Plaintiff's First Request for Admissions (as with all requests, please provide a privilege log as to any such documents for which you claim privilege).

**RESPONSE:**

All documents identified in Defendant's answers to Plaintiff's interrogatories have been identified by bates number and have been produced.

**REQUEST FOR PRODUCTION NO. 33:**

All insurance policies and declaration pages which may provide liability coverage or defense coverage to Defendant in this case.

**RESPONSE:**

The declarations page of any insurance policies that may provide coverage for this action will be produced.

**REQUEST FOR PRODUCTION NO. 34:**

All documents, including but not limited to electronic files, emails, text messages, images, videos, notes, and other documents as defined above, not produced above that are relevant to ALL Plaintiffs or otherwise relevant to this cause.

**RESPONSE:**

The Request is overly broad and unduly burdensome as it fails to identify what reasonable particularity the categories of documents it seeks. The request demands all "documents relevant to this cause," including e-mails, text messages, without any limitations whatsoever. Notwithstanding its objections, and absent further clarification, Defendant states that it has produced all documents it believes are relevant to this cause.

**REQUEST FOR PRODUCTION NO. 35:**

Documents reflecting Defendants' purchase of food, beverages, condiments, spices, ingredients and/or supplies used by Defendant during the Relevant Time Period.

**RESPONSE:**

Defendant objects to this Request on the grounds that it seeks information that is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence, and is overly broad and unduly burdensome. The request demands all "documents reflecting Defendants' purchase of food, beverages, condiments . . ." The records are neither relevant nor proportional as Defendant is not denying that it is a covered employer under the FLSA.

**REQUEST FOR PRODUCTION NO. 36:**

The personnel file (without any documents left out) of Rodney Bellanger.

**RESPONSE:**

Defendant objects to this Request on the grounds that it seeks information that is neither relevant nor reasonable calculated to lead to the discovery of admissible evidence and because it seeks confidential information pertaining to a non-party, which is protected by the Florida Constitution. Defendant objects to this Request on similar grounds, and as overly broad, in that Plaintiff demands the personnel file of Rodney Bellanger without specifying what documents within the personnel file it seeks, or without regard to whether or not the personnel file contains documents that may be relevant and proportional to the needs of the case. The requested information is not only irrelevant, but also improperly seeks information that is private and confidential.

**REQUEST FOR PRODUCTION NO. 37:**

All guest checks during the Relevant Time Period for which any of ALL Plaintiffs was a server and the 18% included gratuity was removed or reduced.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing given that it requests "all guest checks during the Relevant time period for which any of All Plaintiffs was a server and the 18% included gratuity was removed or reduced." Furthermore, Defendant objects to this Request on the same grounds an in particular to the term "All Plaintiffs" insofar as it is not limited to Alda Castilla.

Subject to and without waiving Defendant's objections, and limiting its response to Ms. Castilla, Defendant states: None. Ms. Castilla testified during her deposition that a service charge was never removed from any of her guest bills. *See* Castilla Dep. 27:1-4.

**REQUEST FOR PRODUCTION NO. 38:**

All guest checks during the Relevant Time Period for which any of ALL Plaintiffs was a server and the 18% service charge was removed or reduced.

**RESPONSE:**

Defendant objects to this Request as overly broad, unduly burdensome, duplicative, and harassing given that it requests "All guest checks during the Relevant Time Period for which any of ALL Plaintiffs was a server and the 18% service charge was removed or reduced." Furthermore, Defendant objects to this Request on the same grounds an in particular to the term "All Plaintiffs" insofar as it is not limited to Alda Castilla.

Subject to and without waiving Defendant's objections, and limiting its response to Ms. Castilla, Defendant states: None. Ms. Castilla testified during her deposition that a service charge was never removed from any of her guest bills. *See* Castilla Dep. 27:1-4.

**Dated**: February 28, 2020

          <u>S Miguel A. Morel</u>
          Jonathan A. Beckerman, Esq.
          Florida Bar No. 568252
          Jonathan.Beckerman@lewisbrisbois.com
          Miguel A. Morel, Esq.
          Florida Bar No.: 089163
          Miguel.Morel@lewisbrisbois.com
          **Lewis Brisbois Bisgaard & Smith LLP**
          110 SE 6th Street, Suite 2600
          Fort Lauderdale, Florida 33301
          Telephone: 954-728-1280
          Facsimile: 954-728-1282

          *Attorneys for Defendants*