UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-cv-20277-AHS-MCALILEY

MELISSA COMPERE, ON BEHALF OF HERSELF
AND OTHERS SIMILARLY SITUATED,

    Plaintiff,

vs.

NUSRET MIAMI, LLC,
d/b/a NUSR-ET STEAKHOUSE
and NUSRET GOKCE,

    Defendants.

_____/

**DEFENDANTS' OMNIBUS MOTION IN LIMINE
AND INCORPORATED MEMORANDUM OF LAW**

    Defendants, Nusret Miami LLC d/b/a Nusr-Et Steakhouse ("Nusret Miami") and Nusret Gokce (collectively, "Defendants"), by and through their undersigned counsel and pursuant to Federal Rules of Evidence 401, 402, and 403, hereby moves *in limine* for orders to exclude introduction of, or argument regarding, the evidence described below.  Defendants' omnibus motion is supported by the following points and authorities.

**I.    PROCEDURAL BACKGROUND AND CLAIMS**

    Defendant operates the NUSR-ET STEAKHOUSE ("Nusret"), a restaurant located in Miami, Florida. Compl. ¶ 4. Plaintiff, who was formerly employed as a Food Runner and Server at Nusret, filed the underlying action under the Fair Labor Standards Act ("FLSA")[1] and the Declaratory Judgment Act[2] to recover wages allegedly owed to her.  Plaintiff purports to bring

---

[1] 29 U.S.C. § 201, *et seq.*

[2] 28 U.S.C. § 2201, *et seq.*

this action on behalf of herself and others who she claims were similarly situated employees of Defendants.[3]

In Count I of the Complaint, Plaintiff alleges that Defendants suffered or permitted her to work while not paying her the required minimum wage for hours worked up to forty per week. *Id.* ¶ 42. In Count II, Plaintiff alleges that Defendants violated the FLSA by not paying her the required overtime wage for hours worked in excess of forty per week. *Id.* ¶ 49. In Count III, Plaintiff seeks a declaration of rights that "Defendants did not rely on a good faith defense in suffering or permitting Plaintiff and those similarly situated to work without being paid an hourly wage." *Id.* ¶ 57. This is the nature and extent of Plaintiff's claims against Defendants.

## II. THE COURT SHOULD PROHIBIT PLAINTIFF FROM DISCUSSING IRRELEVANT, CONFUSING, AND PREJUDICIAL ISSUES AT TRIAL

Despite the narrow questions posed by Plaintiff's claims, Plaintiff has engaged in extensive written and oral discovery regarding topics that have no relevance to the underlying claims or defenses, would confuse the issues if presented to a jury, and would cause undue prejudice to Defendants if discussed or entered into evidence. More specifically, Defendants have reason to believe that Plaintiff will seek to introduce and/or mention and discuss: Defendants' size, wealth, or financial condition; other lawsuits against Defendants; the issue of punitive damages; and information relating to menu items and relations between Defendants' coworkers. For the reasons set forth below, the Court should prohibit Plaintiff from introducing or discussing these topics.

### A. Legal Standard

Courts have inherent power "to manage the course of [their] trials," including the granting of appropriate motions *in limine*. *Luce v. United States*, 469 U.S. 38, 41 (1984). The

---

[3] Compl. ¶ 3.

purpose of a motion *in limine* is to allow the Court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial. *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). Where the Court directs that certain evidence be excluded, the Court may also instruct counsel to avoid any mention of the evidence in question during opening and/or closing statements, during trial, and/or in any argument to the jury, and direct counsel to instruct its associates, client, and witnesses to avoid making mention of any of the excluded evidence. *Benedi v. McNeil-P.P.C., Inc.*, 66 F.3d 1378, 1384 (4th Cir. 1995). Advance ruling on unduly prejudicial evidence, or other evidence properly excluded, serves the purpose of avoiding the obviously futile attempt to "unring the bell" once the evidence is offered and then stricken at trial. *McEwen v. City of Norman, Okla.*, 926 F. 2d 1539, 1548 (10th Cir. 1991).

The Federal Rules of Evidence govern the Court's decision-making process concerning motions *in limine.* "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Furthermore, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules proscribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 402. However, evidence that is not relevant is not admissible. *Id*.

Even if relevant, evidence may still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Evidence is "unfairly prejudicial" for purposes of Rule 403 if it

4837-6287-6343.1                                    3

unduly tends "to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Steger v. Gen. Elec. Co.*, 381 F. 3d 1066, 1079 (11th Cir. 2003) (quoting Fed. R. Evid. 403 advisory committee's notes). "Where evidence is of very slight (if any) probative value, it's an abuse of discretion to admit it if there's even a modest likelihood of unfair prejudice or small risk of misleading the jury." *United States v. Hitt*, 981 F.2d 422, 424 (9th Cir. 1992). Rule 403 also mandates that evidence that creates an undue delay, waste of time, or needless presentation of cumulative evidence is properly excluded. *See Old Chief v. United States*, 519 U.S. 172, 180-81 (1997)

What is relevant to Plaintiff's claims in this case is whether she worked overtime without compensation and whether Defendants knew or should have known of the overtime work. *Allen v. Bd. of Pub. Educ. for Bibb County*, 495 F.3d 1306, 1314-15 (11th Cir. 2007); *see also* 29 C.F.R. § 785.11 (interpreting the "suffer or permit to work" requirement to mean that an employer violates the FLSA when it "knows or has reason to believe that he is continuing to work and the time is working time."). All other issues should be prohibited at trial.

  **B.**  **The Court Should Exclude Any Mention of Defendants' Size, Wealth, and/or Financial Condition**

Evidence of Defendants' wealth is not relevant to determination of the issues and claims in this case. *See Koufakis v. Carvel*, 425 F.2d 892, 902 (2d Cir. 1970) (evidence of wealth "which can be taken as suggesting that the defendant should respond in damages because he is rich," is generally inadmissible); *Foster v. Crawford Shipping Co., Ltd.*, 496 F.2d 788, 792 (3d Cir. 1974) (new trial granted because of improper remarks regarding the disparity in wealth between parties). Courts often recognize that the issue of the finances of a party can distract the jury from the real issues in the case. *See, e.g.*, *Rush Univ. Med. Ctr. v. Minn. Mining & Mfg., Co.*, 2009 U.S. Dist. LEXIS 91189, *8 (N.D. Ill. Oct. 1, 2009); *Mountain Funding, Inc. v.*

*Frontier Ins. Co.*, No. 01-C-2785, 2004 U.S. Dist. LEXIS 6915, at *7- 9 (N.D. Ill. Apr. 22, 2004); *see also Brough v. Imperial Sterling, Ltd.*, 297 F.3d 1172, 1178-79 (11th Cir. 2002); *Whiteley v. OKC Corp.*, 719 F.3d 1051, 1055 (10th Cir. 1983). Accordingly, the Court must exclude any proffered evidence that is not relevant to the issues the jury is asked to decide, including, but not limited to, Defendant's size, wealth and/or financial condition.

Even assuming, *arguendo*, that the subject evidence had any possible relevance to the issues in this case (which it does not), such evidence nevertheless should be excluded because its probative value is substantially outweighed by its prejudicial effect. Federal Rule of Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. As detailed above, any inquiry into Defendant's size, wealth or financial condition has no possible relevance to Plaintiff's claims for overtime pay. As a preliminary matter, Defendants have already stipulated to requisite enterprise coverage, obviating any actual need to refer to Defendant's financial status. Defendant respectfully submits that the introduction of other evidence relating to Defendant's size, wealth, or financial condition would confuse the issues and/or mislead the jury. The subject evidence likely would be offered for the purpose of demonstrating Defendant's wealth and would be used to either create an impression that Defendant could afford, and, therefore, should be required to pay, a sizable verdict. This would serve only to prejudice the jury in its determination of Defendant's actual legal liability (if any) and the calculation of any potential damages.

Further, introduction of such evidence would unfairly prejudice Defendant. Courts have recognized that a comparison of the financial resources of the parties' wealth unduly prejudices parties with assets and undermines "the foundation of the legal system that justice is administered to all equally, regardless of wealth or status." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000) (*citing Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 448 (4th Cir. 1999)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (a defendant's ability to pay damages may infect the determination of liability with "a foreign, diverting and distracting issue which may effectuate a prejudicial result").

To permit Plaintiff to introduce evidence designed primarily to evoke jury prejudice – as opposed to having any tendency to prove whether Plaintiffs are entitled to overtime pay – would defeat the purpose of Rule 403, and negatively impact Defendant's ability to receive a fair trial. Plaintiff should not be permitted to attempt to divert the jury's attention from the narrow and straightforward issues raised in their pleadings. Any evidence concerning Defendants' financial condition is not probative of these ultimate issues. Rule 403 is specifically designed to prevent the introduction of testimony likely to lead the jury to decide the case on an improper basis, and the danger of having the case decided on completely irrelevant grounds would be increased, without any other legitimate purpose, if evidence related to Defendants' size, wealth or financial condition were admitted. Accordingly, such evidence should be excluded.

**C.     The Court Should Exclude Any Mention Other Lawsuits Against Defendants**

Concurrent with the instant litigation, Plaintiff is prosecuting claims against Defendant Nusret Miami for alleged discrimination in violation of the Florida Civil Rights Act in a case pending before the United States District Court for the Southern District of Florida, Miami Division, styled *Melissa Compere v. Nusret Miami, LLC*, Case No. 1:20-CV-20640-JEM.

Similarly, there are other claims presently pending or settled in courts in the State of New York and elsewhere, as well as before the National Labor Relations Board ("NLRB") that have no nexus to the Parties, facts, or circumstances here. Indeed, none of the allegations or claims contained in those actions or proceedings are relevant to, or should be brought up in the course, of the current action.

Information regarding Plaintiffs' participation in an untested and unadjudicated discrimination or other type of lawsuit or proceeding, or the conduct she contends gave rise to such action, is completely irrelevant because the information is not probative as to any issue in *this* case, since such information is completely unrelated to whether Plaintiff is owed wages of any kind under the FLSA or any local statutes. Moreover, such evidence does not have any tendency to make any material fact in this case more or less probable. Fed. R. Evid. 401; *see also Johnson v. PS Ill. Trust*, 2005 U.S. Dist. LEXIS 28069 (N.D. Ill. 2005) (excluding reference to other lawsuits); *Estate of Miller v. Ford Motor Co.,* 2004 U.S. Dist. LEXIS 29846 (M.D. Fla. 2004) (same); *Avondale Indust. V. Tyco Valves & Controls, Inc.*, 2003 U.S. Dist. LEXIS 20792 (E.D. La. 2003) (same).

Likewise, even if evidence of the discrimination allegations were relevant (they are not), they should be excluded because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury. When balancing the probative value of this evidence against its unfairly prejudicial nature pursuant to Rule 403, there is no question that the scale weighs heavily in favor of prohibiting all reference to the discrimination allegations. It is likely that the introduction of this category of evidence will unduly prejudice and/or bias the jury against Defendant and will require the Parties to waste time trying to prove and disprove whether Plaintiff's separation of employment from

Defendant was wrongful. *See In re BankAtlantic Bancorp, Sec. Litig.*, No. 07-61542-CIV-UNGARO, 2011 U.S. Dist. LEXIS 48057, *93 (S.D. Fla. 2011) (trial court affirmed its ruling to exclude irrelevant evidence which would have required no less than a "trial within a trial."). Certainly, the inclusion of evidence regarding the discrimination allegations would serve no other purpose than to confuse and mislead the jury.

Consequently, for these reasons, the Court should exclude from trial any reference to the discrimination lawsuit or the allegations which Plaintiffs assert gave rise to that action.

### D. The Court Should Exclude Any Testimony Regarding the Availability or Amount of Liquidated Damages

It is well-settled that "[t]here is no legal basis to allow parties to refer to liquidated damages before the jury." *Gordils v. Ocean Drive Limousines, Inc.*, No. 12-24358-cv-KING, 2014 U.S. Dist. LEXIS 140310, *4 (S.D. Fla. Oct. 2, 2014) (citations omitted); *see also Dingman v. Cart Shield USA, LLC*, No. 12-20088-CIV-GOODMAN (Consent Case), 2013 U.S. Dist. LEXIS 93551, *4 (S.D. Fla. July 3, 2013) ("there is no legal basis to allow [defendant] to refer to liquidated damages at trial") (citing Eleventh Circuit Civil Pattern Jury Instructions § 4.14 cmt. II.B (2013) ("[u]nder the plain language of the [FLSA] statute, [liquidated damages] is a question for the court to determine not the jury.")) (other citations omitted); *Palma v. Safe Hurricane Shutters, Inc.*, No. 07-22913-CIV-SIMONTON, 2011 WL 6030073 (S.D. Fla. Oct. 24, 2011) (prohibiting parties from referring to liquidated damages at trial); *accord Tapia v. Fla. Cleanex, Inc.*, No. 09-21569-CIV-TORRES, 2013 U.S. Dist. LEXIS 188901, *2 (S.D. Fla. Mar. 27, 2013) ("Defendants agree that no mention of this subject should be made at trial.").

As such, all evidence in this regarded should be excluded at trial and not presented to the jury.

### E. The Court Should Exclude Reference to or Introduction of Newspaper Articles and Other Media Reports

Federal courts have reached the conclusion that certain media reports lack the necessary degree of trustworthiness to be admitted into evidence. *See May v. Cooperman*, 780 F.2d 240, 263 (3d Cir. 1985), *appeal dismissed*, *Karcher v. May*, 484 U.S. 72 (1987) (Becker, dissenting) ("It is not unknown for reporters to stretch some facts or omit others . . . ."); *U.S. Football League v. Nat'l Football League*, No. 84 CIV. 7484 (PKL), 1986 WL 5803, at *1 (S.D.N.Y. May 16, 1986) ("Indeed, it is not uncommon for a trial court to summarily reject newspaper articles as obvious hearsay."). Specifically, newspaper articles are "classic, inadmissible hearsay." *See United States v. Michtavi*, 155 F. App'x 433, 435 (11th Cir. 2005) (citing *Dallas County v. Commercial Union Assurance Co.*, 286 F.2d 388, 391–92 (5th Cir. 1961)) (noting that a newspaper article is hearsay and in almost all circumstances is inadmissible); *Hicks v. Charles Pfizer & Co. Inc.*, 466 F. Supp. 2d 799, 804 (E.D. Tex. 2005) (excluding newspaper articles as inadmissible hearsay and improper means to defeat summary judgment); *see also Green v. Baca*, 226 F.R.D. 624, 637 (C.D. Cal. 2005) (granting defendant's motion in limine to exclude two newspaper articles as inadmissible hearsay, uncured by any hearsay exception). One district court in excluding newspaper articles reasoned that:

> Newspaper articles are hearsay when offered to prove the truth of the matter asserted. They are not sworn or certified, and the authors are not subject to cross-examination, rendering such articles [inadmissible]. Thus, any statements made or alluded to in newspaper articles ordinarily cannot be considered as evidence . . . .

*Id*. at 804–05 (internal citations omitted) (emphasis added); *see also United States v. Baker*, 432 F.3d 1189, 1211–12 (11th Cir. 2005) (finding Miami Herald articles were inadmissible hearsay when offered to prove truth of the matter asserted therein).

"Even when the actual statements quoted in a newspaper article constitute nonhearsay, or

fall within a hearsay exception, their repetition in the newspaper creates a hearsay problem. [S]tatements in newspapers often constitute double hearsay." *Baca*, 226 F.R.D. at 637–38. A newspaper article or other news media that contains hearsay within hearsay is inadmissible solely on those grounds. *United States v. Fennell*, 381 F. Supp. 2d 1312, 1314 (D. N.M. 2005) (finding newspaper articles constituted inadmissible hearsay and did not relate to the subject matter of the suit because the content was too general).

In order for hearsay statements contained within a newspaper article to be admissible under the Residual Exception to the Hearsay Rule, the statement must be more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts. *See* Fed. R. Evid. 807; *see also KMS Restaurant Corp. v. Wendy's Intern., Inc.*, 194 F. App'x 591, 600–01 (11th Cir. 2006). Rule 807 "permits admission of hearsay if it is particularly trustworthy; it bears on a material fact; it is the most probative evidence addressing that fact; its admission is consistent with the rules of evidence and advances the interests of justice; and its proffer follows adequate notice to the adverse party." *United States v. Rodriguez*, 218 F.3d 1243, 1246 (11th Cir. 2000).

Here, Defendant expects that Plaintiffs will seek to introduce or refer to various newspaper articles that have been published by newspaper or other online media outlets, none of which would fall within any proper exception to the rule against hearsay evidence. The information contained in those articles does not constitute direct evidence of wrongdoing, lacks verification, and does not relate to the specific issues pending before the Court. As such, the information is not only unreliable, but prejudicial to Defendant's position in this matter and confusing to the jury such that it should be wholly excluded. *See* Fed. R. Evid. 403.

Finally, while such evidence has no place at trial in this matter, Defendant asserts that questions regarding whether a potential juror has seen media reports referring to this action or the Parties thereto are proper for purposes of *voir dire*. Defendant has the right to know whether any potential juror's line of thinking has been tainted by prejudicial or inflammatory media coverage. Exercising this right in the course of *voir dire*, however, does not provide a basis for admission at trial.

### F. The Court Should Exclude Any Testimony Regarding the Chef, Menu, or Interactions Between the Chef and Other Employees

During the course of discovery, Plaintiff's counsel deposed Defendant's chef regarding why specific items were contained on the menu, certain interactions that he may have had with other employees, and his overall demeanor without regard to whether such information had any relevance to the underlying claims and defenses in this matter and without regard to whether such testimony spoke to the chef's propensity for truthfulness. Instead, the testimony was intended to confuse the issues, embarrass the chef, and embarrass the restaurant. In fact, none of the testimony spoke to any of the FLSA-related issues presented in this matter. Such testimony, which is clearly embarrassing, prejudicial, misleading, and irrelevant, should not be presented to the jury. *See* Fed. R. Civ. P. 403.

### G. The Court Should Exclude Any Mention of Motions *in Limine*

Plaintiff should not be permitted to refer to the fact that Defendants have filed the instant Omnibus Motions *in Limine*. Any such reference should be excluded as irrelevant, overly prejudicial, and/or not dispositive of the issues in this case. *See* Fed. R. Evid. 401-403.

WHEREFORE, Defendants respectfully request this Court enter an order: (1) precluding Plaintiff from introducing or engaging in argument regarding the areas identified herein; and (2) grant such further relief as the Court deems just and proper.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(B), the undersigned hereby certifies that Counsel for Defendant conferred with counsel for Plaintiffs by e-mail regarding the relief requested herein, and Plaintiff does not agree to the relief.

Respectfully submitted,

**Dated:** April 20, 2020

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954.728.1280
Facsimile: 954.728.1282

BY: *s/ Jonathan A. Beckerman*
Jonathan A. Beckerman, Esq.
Florida Bar No. 568252
E-mail: Jonathan.Beckerman@lewisbrisbois.com
Miguel A. Morel, Esq.
Florida Bar No. 089163
E-mail: Miguel.Morel@lewisbrisbois.com
Christopher T. Perré, Esq.
Florida Bar No. 123902
E-mail: Christopher.Perre@lewisbrisbois.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of April 2020, the foregoing document is beign served on all counsel of record via transmission of Notices of Electronic filing generated by the CM/ECF or in some other authorized manner fort hose counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

BY: *s/ Jonathan A. Beckerman*
Jonathan A. Beckerman, Esq.