UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-20277-SINGHAL/McAliley

MELISSA COMPERE, on behalf of herself and
others situated,

    Plaintiff,

v.

NUSRET MIAMI, LLC d/b/a Nusr-et Steakhouse,
a Florida limited liability company, and NUSRET
GOKCE, an individual,

    Defendants.
_____/

## ORDER

Motions for extension of time are routinely granted by paperless order. Writing a thorough order on such procedural motions diverts precious judicial resources, already stretched by a growing docket. In fact, in the short time of being honored to serve as a United States District Judge, the undersigned has not yet written one. But here we are.

Before the Court are three motions for extension of time. From the Court's count, this is the fifth such motion in this case. The Court denied the first two (DE [120], [162]). Against the backdrop of the COVID-19 pandemic, the Court granted the third (DE [166])— an unopposed motion to extend the dispositive motion deadline from March 20, 2020 to April 20, 2020. To leave no doubt on the deadlines, the Court issued a follow-up paperless order on March 19, 2020, granting a motion for clarification and stating: "The deadline for filing pre-trial motions (motions in limine and *Daubert* motions) is extended

1

30 days" (DE [168]).  There should have been no confusion as to the deadline to file all dispositive motions: April 20, 2020.

## JOINT MOTION FOR EXTENSION OF TIME (DE [169])

On April 16, 2020, four days before the dispositive motion deadline, the parties again jointly requested an extension of the pre-trial and trial deadlines, including the dispositive motion deadline, for another sixty (60) days.  In this motion, the parties represented they had been working diligently and in good faith to meet all the pre-trial deadlines.  However, because the Corporate Representative for Paperchase Accounting is in New York City (a city particularly hard-hit by the COVID-19 pandemic), the parties requested a sixty-day extension of time to take the deposition.  Plaintiff has insisted numerous times that this deposition is critical to her case.

In addition to this request, the parties requested an *additional* four-month extension of time for all remaining pre-trial and trial deadlines.  This would, of course, include the already-extended deadline for the parties to file their dispositive motions.

April 20 came and went, and the Court had not ruled on the motion.  Presumably understanding that, in the absence of a ruling, the April 20 deadline remained, Defendants timely filed their dispositive motions (DE [170], [171], [172], [173]), which included a motion for summary judgment and a lengthy statement of undisputed material facts.  Plaintiff did not file any dispositive motions.  In fact, as of the date of this order, Plaintiff has not filed any.  As for the corporate representative deposition, it appears Plaintiff never attempted to arrange for a video deposition or a telephonic deposition.  There is no indication anywhere in her filings that she took any steps to accept the new normal in which we all find ourselves.

2

The Court has routinely granted motions in various cases for "unconventional" relief amid this national pandemic. Video depositions over the internet have become common. Once held as a less-than-desirable without physical appearances, the Court has accepted the unprecedented time in which we live, and litigants and their counsel have, as well. The Court has also granted motions for extension of time, almost invariably. The national message from the country's elected leaders has been, "We're all in this together." The Court has steadfastly tried to live that.

This is not a complicated case. Unfortunately, here, Plaintiff has continuously engaged in dilatory tactics and, by the representations in her own motions, insists only on in-person depositions and in-person meetings with clients. While certainly free to argue the point, such thinking is divorced from common sense and the unfortunate reality of the times. Further, despite obvious constraints, courts—including this Court—have resolved matters from relatively basic ADA cases to nine-figure class actions within the past thirty days. And the Court will not allow the docket to continue indefinitely until life gets back to the old normal.

A motion for extension of time is not self-executing; no motion is, unless expressly provided for by the applicable rule. *See In re River Ridge Ranch, Inc.*, 347 B.R. 65, 69 (Bankr. S.D. Ohio 2006) (noting motions for protective order are not self-executing); *Vanhorn v. Behavioral Support Servs., Inc.*, 2008 WL 552646, at *1 (M.D. Fla. Feb. 27, 2008) (noting motions to withdraw are not self-executing). Yet, by filing these motions on or near the last day, and then sitting idle "pending the Court's disposition of the motion," parties essentially grant their own motion. The Court will not condone this.

Despite this motion being unopposed, the motion (DE [169]) is **DENIED**. Defendants timely filed their motions in full compliance with the deadlines established by the Court—including the thirty-day extension the Court already granted. The window of time for Plaintiff to file any dispositive motions is closed. Further, because the window of time to file dispositive motions is closed and discovery is closed, the motion as to extend other deadlines is also **DENIED**.

### **PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME (DE [175], [178])**

On May 1, Plaintiff filed another motion for extension of time (DE [175]). In this motion, she seeks thirty days' extra time to respond to Defendants' motion to compel arbitration (DE [171]) and motion for summary judgment (DE [172]). Her responses to these two motions were due May 4, 2020. Granting the motion, her responses would be due June 4, 2020.

She asserts that, without this relief, she "will be severely prejudiced because [she] will not be able to obtain Affidavits to submit in opposition to Defendants' Pending Motions." Defendants have filed an opposition brief to this motion (DE [177]). Opposing such motions is not common; filing opposition briefs is rare. But, like written orders on these types of motions, filing such a brief is warranted here. Defendants highlight Plaintiff's dilatory tactics; how they complied with the deadlines in good faith and Plaintiff has not; and how Plaintiff is "essentially seeking an extension based on the unprecedented challenges we are all currently facing"—in reference to the COVID-19 pandemic. The Court agrees. No one is immune from this pandemic.

Again, the Court had not ruled on the motion by May 4. However, this time, Plaintiff timely filed responses to Defendants' motions (DE [179], [180], [181], [182], [183], [184]).

Given these filings, Plaintiff's two follow-up motions for extension of time (DE [175], [178]) are **DENIED AS MOOT**. The Court will proceed to determining the dispositive motions on their merits.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 7th day of May 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel via CM/ECF