UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-20277-SINGHAL/McAliley

MELISSA COMPERE, on behalf of herself and
others similarly situated,

    Plaintiff,

v.

NUSRET MIAMI, LLC d/b/a Nusr-et
Steakhouse, a Florida limited liability company,
and NUSRET GOKCE, an individual,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendants' Motion for Summary Judgment or Alternatively to Decertify the Class (DE [172]). This is a collective action under the Fair Labor Standards Act (FLSA), *see* 29 U.S.C. § 201, against Defendant Nusret Miami, LLC ("Steakhouse") and Defendant Nusret Gokce (collectively, "Defendants"). The Court has conditionally certified the class. *See* 391 F. Supp. 3d 1197 (S.D. Fla. 2019). Lead plaintiff Melissa Compere and the conditional class allege the Steakhouse forced the front-of-house tipped employees to participate in a tip pool or tip-share with non-tipped employees, and that the Steakhouse paid below the federal minimum and overtime wage for tipped employees.

The Court has reviewed the following: Defendants' Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment ("SUMF") (DE [173]), Plaintiff's Response to Defendants' Statement of Undisputed Material Facts and Plaintiffs' Statement of Undisputed Material Facts ("RSUMF") (DE [181]), Plaintiff's Response in

Opposition to Defendants' Motion for Summary Judgment, or Alternatively to Decertify Class, and Request for Independent Judgment Pursuant to Rule 56(f) (DE [182]), and Defendants' Reply in Support of their Motion for Summary Judgment or, in the Alternative, to Decertify Class (DE [193]).  Based on the foregoing, the Court is fully advised in the premises.  For the following reasons, the motion for summary judgment (DE [172]) is **GRANTED**.

**I.      LEGAL STANDARD ON A MOTION FOR SUMMARY JUDGMENT**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "A district court must grant a motion for summary judgment only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Essex Ins. Co. v. Barrett Moving & Storage, Inc.*, 885 F.3d 1292, 1299 (11th Cir. 2018).  An issue is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof.  *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014).  And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case."  *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004).  "[W]here the material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law."  *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 F. App'x 817, 820 (11th Cir. 2015).

## II.    UNDISPUTED FACTS

### A.    The Steakhouse's 18% Service Charge

The Steakhouse is an upscale restaurant in Miami, Florida, catering to guests from all over the world. SUMF ¶ 1 (DE [173]). The Steakhouse has always included an automatic service charge ("Service Charge") equal to 18% of the total sale price on the guest bill. *Id.* ¶ 5. The parties quibble over the nature of the Service Charge; Defendants describe it as "a mandatory 18% service charge," while Plaintiff insists that it is "discretionary," not "mandatory." *Id.*; RSUMF ¶ 5 (DE [181]). Regardless of whether the Service Charge is "mandatory" or "discretionary," it is undisputed from the record that it is automatically charged to the guest bill and the 18% cannot be negotiated by the customer. SUMF ¶ 5–7. It is further undisputed from the record that the menu at the Steakhouse specifically informed restaurant patrons of the Service Charge. *Id.* ¶ 6. The following statement appears at the bottom of each menu:

> For your convenience a 18% service charge will be added to your final bill and will be distributed to the entire team.

*See* Ex. A (DE [173-1]).

After the guest's credit card has been run, the final receipt contains a separate, blank line where the guest may include a discretionary gratuity for their server, exclusive of the Service Charge. SUMF ¶ 9. Alternatively, guests are able to leave cash tips at their discretion. *Id.* The amounts collected from the Service Charge and the additional customer-added gratuity, are distributed in their entirety to service employees (e.g., non-managerial personnel) on a pro-rata basis, less 2.65% to cover any credit-card processing fees. *Id.* ¶¶ 10–12.

### B. The Steakhouse's Payment Structure

The Steakhouse compensated members of the Class at an hourly rate plus a portion of the Service Charge on a biweekly basis. *Id.* ¶ 13. Members of the Class were also entitled to any gratuity the customer voluntarily paid above the Service Charge. *Id.* ¶ 14. The Service Charge and the discretionary gratuity were pooled and distributed to members of the Class utilizing a point system methodology. *Id.* ¶ 15. The regular rate of pay for members of the Class who worked prior to April 30, 2018, was calculated by dividing their total remuneration for each workweek by the total number of hours each of them worked that week. *Id.* At no point during the relevant period did Lead Plaintiff make under the federal minimum wage of $7.25. *Id.* ¶ 40; see also attached screenshot from SUMF.

#### a. Melissa Compere

| Check Date | Work | Days | Hours | Gross Pay | Hourly Rate |
|---|---|---|---|---|---|
| 06/01/2018 | 05/14/2018 | 05/27/2018 | 79.30 | $ 2,890.61 | $ 36.45 |
| 06/15/2018 | 05/28/2018 | 06/10/2018 | 68.63 | $ 2,373.02 | $ 34.58 |
| 06/29/2018 | 06/11/2018 | 06/24/2018 | 76.22 | $ 2,520.69 | $ 33.07 |
| 07/13/2018 | 06/25/2018 | 07/08/2018 | 52.58 | $ 1,798.91 | $ 34.21 |

### III. <u>ANALYSIS</u>

To begin, the facts as presented by the parties regarding collection, pooling and distribution of service charge and tip monies are confusing, but do not create a genuine issue of material fact because there is agreement on perhaps the most critical point in this case. That is: Plaintiff was paid more than one and one-half times minimum wage at all times relevant here. And, the central question in this case is rather simple: What was the Lead Plaintiff's "regular rate of pay?" An employee's "regular rate" is "the hourly rate

actually paid [to] the employee for the normal, non-overtime workweek for which he is employed" and "by its very nature must reflect all payments which the parties have agreed shall be received regularly during the workweek, exclusive of overtime payments."  29 C.F.R. § 779.419(b).  It is calculated by dividing the total compensation received by the total number of hours worked.  *Id.* § 778.118.  It is axiomatic that, for decades, courts have held that the regular rate of pay is not static; "[i]t may be subject to fluctuation because of different component factors such as . . . size of dividends upon which they may be dependent or upon profits which are variable factors."  *Walling v. Wall Wire Prod. Co.*, 161 F.2d 470, 475 (6th Cir. 1947).

### A. Minimum Wage Claim

The federal minimum wage is $7.25.  *See* 29 U.S.C. § 206(a)(1)(C).  Based on Lead Plaintiff's own testimony, Defendants paid her up to $12.69 *at all relevant times*.  SUMF ¶ 38.  She does not dispute this.  RSUMF ¶¶ 38–40.  In other words, Lead Plaintiff does *not* dispute that she made *over* $7.25.  *Id.*

Lead Plaintiff's only response to this undisputed fact fatal to her claims is that "Defendants did not pay any *wages* to Plaintiffs and instead merely gave Plaintiffs failed 'service charges' and tips from customers.  Because the 'service charges' were not included in the gross receipts, they were tips.  This is a legal conclusion which is fully supported by Plaintiffs' Response to the Motion for Summary Judgment."  *Id.* (emphasis added).  The Court finds this argument erroneous as a matter of law and untenable as a matter of fact.

The crux of this issue reverts back to the argument over semantics: whether the Service Charge was "mandatory" or "discretionary."  But Lead Plaintiff misapprehends

why, in this case, it is of no consequence. She argues that, because managers could, from time to time, decide not to charge the Service Charge to a particular table of patrons, the Service Charge is a "tip." This is simply incorrect as a matter of law.

Under its rule-making authority, the U.S. Department of Labor ("DOL") defines "tips" as such:

> [A] sum presented by a customer as a gift or gratuity in recognition of some service performed for him. It is to be distinguished from payment of a charge, if any, made for the service. Whether a tip is to be given, and its amount, are matters determined solely by the customer, and generally he has the right to determine who shall be the recipient of his gratuity . . . Only tips actually received by an employee as money belonging to him which he may use as he chooses free of any control by the employer, may be counted in determining whether he is a "tipped employee" within the meaning of the [FLSA] . . . .

29 C.F.R. § 531.52.[1] Here, the patrons of the Steakhouse did not pay the Service Charge directly to Lead Plaintiff or any members of the class, nor did the patrons have a right to dictate who was going to receive a Service Charge. Though out-of-circuit, one court has succinctly observed that an "essential element" of a tip is its voluntary nature, directed to a specific employee designated by the patron. *See United States v. Conforte*, 624 F.2d 869, 874 (9th Cir. 1980). Again, whether a manager at the Steakhouse may choose not to charge it to a particular patron does not render it "discretionary" for purposes of 29 C.F.R. § 531.32. Without case law to the contrary—which Lead Plaintiff has not so provided—the Court cannot read such a determinization into the DOL regulation.

---

[1] The Court recognizes the validity of this regulation has been questioned for *other* reasons. *See Marlow v. New Food Guy, Inc.*, 861 F.3d 1157, 1162 (10th Cir. 2017). However, the definition of "tip" as defined in the regulation remains.

**B.     Overtime Wage Claims**

The overtime provision of the FLSA requires an employer to pay its employees not less than one-and-one-half times the rate of their regular pay for any hours exceeding forty in a workweek.  *See* 29 U.S.C. § 207(a)(1).  However, Congress provided several statutory exemptions for employers, which the Supreme Court has instructed courts to give "a fair (rather than a 'narrow') interpretation."  *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018).  The exemption provided for in § 207(i) provides:

> No employer shall be deemed to have violated subsection (a) by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee.

29 U.S.C. § 207(i).  The Eleventh Circuit has read this exemption as favorable to the employee, Congress's intent being "to ensure that workers who are paid on a commission basis are guaranteed to receive at least the legislated minimum wage without requiring them to work overtime for it."  *Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1256 (11th Cir. 2001).

To prevail on summary judgment under this exemption, Defendants must show that: (1) Nusret is a retail or service establishment; (2) Plaintiffs' "regular rate of pay" exceeds 1.5 times the applicable minimum wage, and (3) more than half of Plaintiffs' compensation for the applicable representative period consists of commissions on goods or services.  *See* 29 U.S.C. § 207(i).

Lead Plaintiff's assertion in response to the 207(i) exemption is the same as her response to the minimum-wage claim: that she and members of the class "received virtually no wages whatsoever from Defendants." Again, the Court finds this untenable. And, again, the Court determines, as a matter of law, it is erroneous. The position further fails as a matter of fact. She argues that employers cannot satisfy its wage obligations merely by directing its customers to pay its employees; rather, the payments must come from the employer's own accounts. Defendants actually agree with this position, and the undisputed evidence supports the Service Charge became part of the Steakhouse's gross receipts. This is undisputed by the record evidence provided by the Steakhouse, which Lead Plaintiff cannot refute. *See* Ex. B to Defs.' Reply (DE [192-2]).

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment or Alternatively to Decertify the Class (DE [172]) is **GRANTED** to the extent that judgment as a matter of law is entered in their favor. The motion is **DENIED AS MOOT** for all other purposes. Pursuant to Federal Rule of Civil Procedure 58, final judgment will be entered by separate order from the Court.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 31st day of May 2020.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies to counsel via CM/ECF