UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-cv-20277-SINGHAL/McAliley

MELISSA COMPERE, on behalf of herself and
others similarly situated,

    Plaintiff,

v.

NUSRET MIAMI, LLC d/b/a Nusr-et
Steakhouse, a Florida limited liability company
and NUSRET GOKCE, an individual,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Tax Costs ("Motion") (DE [202]).  Plaintiff brought this collective action under the Fair Labor Standards Act, *see* 29 U.S.C. § 201, for Defendants' alleged failure to pay minimum wages and overtime wages.  The Court granted Defendants summary judgment on all counts (DE [198]), and shortly thereafter, entered final judgment in favor of Defendants (DE [199]).  They now move to tax costs as the prevailing party.  Plaintiff has filed a response in opposition (DE [203]) and Defendants filed a reply (DE [205]).  This order follows.

**I.    PLAINTIFF'S REQUEST FOR A STAY**

First, Plaintiff requests a stay based on her appeal pending before the Eleventh Circuit.  She quotes an unpublished order from this district where the court apparently found good cause to stay consideration of taxing costs pending appeal.  The Court notes, however, Plaintiff did not provide any citation to the order—even an electronic one, if

necessary. Without further context, this Court does not have the ability to apprehend the circumstances surrounding that court's reason for granting a stay.[1]

"A stay pending appeal is an extraordinary remedy for which the moving party bears a heavy burden." *Hansen v. Premier Aviation Holdings, LLC*, 2018 WL 6807311, at *1 (S.D. Fla. Oct. 3, 2018). For every one uncited order granting a stay (to which Plaintiff points), there exist countless orders denying stays. The Court will not defer control of its docket for an unknown amount of time waiting for the circuit court to determine the appeal of the underlying merits of this case. Exercising its discretion, the Court denies Plaintiff's request for a stay.

## II.     LEGAL STANDARD ON A MOTION TO TAX COSTS

"Unless a federal statute, the[] rules or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also Manor Healthcare Corp. v. Lomello*, 929 F.2d 633, 639 (11th Cir. 1991) (reasoning a presumption exists in favor of awarding costs). The prevailing party must file a bill of costs, adhering to the guidelines outlined in Local Rule 7.3(c), which specifically references 28 U.S.C. § 1920. Under 28 U.S.C. § 1920, the following costs are taxable against the losing party:

>  (1) Fees of the clerk and marshal;

>  (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

>  (3) Fees and disbursements for printing and witnesses;

>  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

---

[1] Without providing the most basic requirements of a legal memorandum, such as case citations, the Court is handicapped in reading and digesting the parties' arguments.

    (5) Docket fees under section 1923 of this title;

    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"[T]he losing party bears the burden of demonstrating that a cost is not taxable . . . ." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

### III. DISCUSSION

  **1. Number of Depositions**

  Out of what appears to have been a total of nineteen depositions taken, Defendants move to tax the cost of seventeen, totaling $26,922.09. Eight were used in connection with their motion for summary judgment and the other nine, they represent, were taken in anticipation of trial. Plaintiff argues the Court should tax costs only for the eight actually used by Defendants in their motion for summary judgment.

  The Court is not in the business of micromanaging parties' litigation strategies. If Defendants, at the time they decided to do so, believed the seventeen depositions were necessary to defend themselves in the lawsuit, the Court will not second-guess their judgment. The Court sees no reason to establish a rule that requires parties to have the foresight in knowing exactly how many depositions will be necessary only for the motion on which they ultimately may prevail. Not only is Plaintiff's argument untenable, but also it is not the rule. Deposition costs are taxable "where a deposition was *reasonably* necessary for use in the case *at the time it was taken*." *U.S. Equal Emp't Opp. Comm'n v. W&O, Inc.*, 213 F.3d 600, 622 (11th Cir. 2000) (emphasis added). In the Court's opinion, seventeen depositions may seem to be on the higher side. However, it is not

unreasonable in a collective action to have taken these depositions at the time they were taken.

Further, under *U.S. EEOC*, the line sits firmly between "reasonable necessity" versus "mere convenience." *See id.* at 620. But it is the losing party's burden to show that "*specific* depositions" were taken by the prevailing party out of mere convenience and not reasonable necessity. *Id.* at 621 (emphasis added). Plaintiff has not done so here. In fact, her response to Defendants' motion makes no mention of convenience, whatsoever.

The Court will award Defendants costs for sixteen of the seventeen total depositions. The one deposition for which Defendants will not recover costs is the deposition of its own corporate representative. Plaintiff argues Defendants should not be able to recover costs for deposing their own client and Defendants do not reply to this argument. Generally—and without a response in opposition—the Court agrees with Plaintiff that a party should not recover costs for deposing their own client. The cost for Ufuk Soyturk, Defendants' corporate representative (a total of **$607.60**) will be deducted from Defendants' costs. *See* Summ. of Taxable Costs (DE [202-3]).

### 2. Transcribing the Depositions

Next, Plaintiff argues that the Court should not allow Defendants to recover for the cost of preparing transcripts of the depositions unless, again, they used the transcripts in their motion for summary judgment. But, again, with no citation to cases where other courts have ruled similarly, this Court does not agree. The deposition transcripts are the underpinning of counsel's ability to review the depositions and prepare for continued prosecution of, or defending, the case. The Court sees it unwise to require parties to

have the foresight to know which depositions will be necessary at each step of the litigation.  Defendants are entitled to recover the cost of preparing the sixteen depositions. *See Wreal, LLC v. Amazon.com, Inc.*, 2019 U.S. Dist. LEXIS 221437, at *8–22 (S.D. Fla. Dec. 26, 2019).

### 3. Videotaping the Depositions

Plaintiff also objects to the Court awarding costs for videotaping the depositions. She argues Defendants did not "need" to videotape the depositions and "it appears that this was merely Defendants' counsel's preference."  She points to 28 U.S.C. § 1920(2), reading it narrowly and arguing the statutory provision does not mention costs for videotaping depositions.  *See also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998) ("As to deposition fees, 28 U.S.C. § 1920(2) only allows for the recovery of '[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.'  There is no provision for videotapes of depositions.").

Despite Plaintiff's hyper-narrow reading of the statute,

> a prevailing party **can** recover the costs of transcribing and videotaping a deposition under § 1920 if the notice of deposition indicated that the deposition would be recorded by stenographic and nonstenographic means, the opposing party did not object to the method of recordation prior to the deposition, and the prevailing party explains why it was necessary to obtain both a transcript and video recording of the deposition.

*Wreal*, 2019 U.S. Dist. LEXIS 221437, at *11–12 (emphasis in original) (quotation omitted); *see also Bourne v. Sch. Bd. of Broward Cty.*, 2012 WL 12894236, at *2 (S.D. Fla. May 9, 2012) ("The depositions were noticed by the Defendant, who could not have presumed at that time that the case would not go to trial, when the video depositions might well have been utilized for the effect proposed in the reply.  The Court is satisfied with the Defendant's explanation that the video depositions were necessarily obtained for

5

use in the case, and not merely obtained for the convenience of counsel."). And, here, Defendants noticed each of the subject depositions as videotaped depositions, and Plaintiff did not object to the method of recordation prior to the deposition. Defendants fully expected that the case would proceed to trial and intended to use the videotaped deposition at trial for impeachment purposes and in support of their defense. Defendants are entitled to recover the cost of videotaping the sixteen depositions.

### 4. Cancellation Fees

Plaintiff insists the Court should not tax costs for the late cancellation fees for the deposition of Plaintiff Antonio Sciancalepore and the interpreter for the deposition of Plaintiff Gordon Mack. Defendants reply that they have not requested these fees. The Court has reviewed the Motion and is satisfied Defendants have not included these costs in their calculation.

### 5. Joint and Several Liability

Finally, Plaintiff insists the Court should tax costs on a pro rata share rather than jointly and severally. But even in an FLSA action, "[t]he presumptive rule is joint and several liability is applied to costs unless it is clear that one or more of the losing parties is responsible for a disproportionate share of the costs." *Palma v. Safe Hurricane Shutters, Inc.*, 895 F. Supp. 2d 1268, 1274 (S.D. Fla. 2012). Plaintiff has not offered any compelling reason as to why the Court should abandon the presumptive rule. Further, in *Lamonica v. Safe Hurricane Shutters, Inc.*, 2009 U.S. Dist. LEXIS 129579, at *5–6 (S.D. Fla. Mar. 18, 2019), the court took into account the burden on the prevailing defendants in collecting costs, reasoning: "[A]llowing a pro rata recovery would significantly increase defendants' burden in collecting from each . . . plaintiffs." The Court agrees with

7

*Lamonica*'s reason for denying Plaintiff's request to tax costs on a pro rata share.  Given that awarding costs pro rata is likely to significantly increase Defendants' burden in collecting from each Plaintiff, and no adequate reason has been provided by Plaintiff to justify an assessment of taxable costs on a pro rata basis, Plaintiff's request is denied.

### III.    CONCLUSION

Accordingly, Defendants' Motion to Tax Costs (DE [202]) is **GRANTED IN PART AND DENIED IN PART**.  Defendants shall recover an award of **$26,314.49** in taxable costs with post-judgment interest accruing from the date of judgment.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 7th day of September 2020.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies served to counsel via CM/ECF