UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:19-CV-20277-AHS

MELISSA COMPERE,

    Plaintiff,

v.

NUSRET MIAMI, LLC et al.,

    Defendants.

_____/

**DEFENDANTS' MOTION FOR ENTRY
OF FINAL JUDGMENT OF TAXABLE COSTS**

Defendants, NUSRET MIAMI, LLC and NUSRET GOKCE (collectively, "Defendants"), by and through their undersigned counsel, pursuant to this Court's Local Rule 7.1(A) and Federal Rule of Civil Procedure 54(d), hereby move this Court for entry of a final judgment of costs in favor of the Defendants and against the Plaintiff, MELISSA COMPERE ("Plaintiff"), and, in support thereof, state as follows:

**PROCEDURAL HISTORY**

1.    On May 31, 2020, this Court entered a Final Judgment [D.E. 199] in favor of the Defendants and against the Plaintiff.

2.    On September 7, 2020, this Court entered an Order [D.E. 209] on the Defendants' Motion to Tax Costs [D.E. 202]. Among other things, the Order mandated that the "Defendants' Motion to Tax Costs (DE [202]) is **GRANTED IN PART AND DENIED IN PART**. Defendants shall recover an award of **$26,314.49** in taxable costs with post-judgment interest accruing from the date of judgment." *Order*, § III. True and correct copies of the Final Judgment and Order are attached hereto as **Composite Exhibit "A."**

3.      On June 14, 2022, following denial of Plaintiff's appeal, the Defendants' legal counsel made demand upon Plaintiff's counsel for payment of the cost award no later than July 1, 2022.

4.      Plaintiff's counsel denied the undersigned counsel's request via e-mail dated August 23, 2022.

5.      As of October 17, 2022, the total amount owed based on the Final Judgment is **$29,387.00** ("Total Amount").[1]

6.      The Defendants have yet to receive any portion of the Total Amount to date, which continues to accrue post-judgment interest.

7.      The Order was entered after entry of the Final Judgment and the taxable costs were not included or incorporated into the Final Judgment, which was limited to the merits of this action. Accordingly, the entrance of a final judgment for the Total Amount of taxable costs awarded to the Defendants via the Order is necessary.

## **MEMORANDUM OF LAW**

8.      Federal Rule of Civil Procedure 54(d) governs awards of taxable costs. It is not uncommon for federal courts to issue a separate judgment for costs where, like here, a prior order awarding and calculating costs has been entered pursuant to 28 U.S.C. § 1920. *See, e.g., Procaps S.A. v. Patheon Inc.*, 2016 U.S. Dist. LEXIS 32520 (S.D. Fla. Mar. 14, 2016) (granting motion to enter a separate cost judgment after ruling on cost application); *Brown v. Davis*, 2017 U.S. Dist. LEXIS 189727 at *8 (M.D. Fla. Oct. 23, 2017) (directing Clerk to tax bill of costs and then enter

---

[1] Calculation of the Total Amount consists of $26,314.49 (principal amount) + $1,018.64 (interest accrued from May 31, 2020 through December 31, 2020 at 6.66% per annum/$4.76 per diem) + $1,169.53 (interest accrued from January 1, 2021 through December 31, 2021 at 4.81% per annum/$3.20 per diem) + $884.34 (interest accrued from January 1, 2022 through October 17, 2022 at 4.25% per annum/$3.06 per diem) = **$29,387.00**.

separate judgment for costs taxed pursuant to 28 U.S.C. § 1920, plus interest); *Schmitz v. Walgreens Co.*, 2018 U.S. Dist. LEXIS 11592 at *3 (S.D. Fla. Jan. 22, 2018) (granting motion for bill of costs then entering separate judgment in the amount of taxed costs plus interest).

9. In the analogous decision of *Club Exploria, LLC v. Aaronson, Austin, P.A.*, the defendants moved for an entry of judgment on bill of costs after obtaining a bill of costs and an order granting their previous motion for costs. 2021 WL 2419299 at *1 (M.D. Fla. May 28, 2021). Despite obtaining a bill of costs that included the taxable costs "in the judgment," the defendants proffered to the court that they "have been unsuccessful in their restrained collection efforts thus far and should more aggressive efforts become necessary[,] would prefer to have a standalone judgment indicating the amount of taxed costs and the date when interest began accruing in accordance with 28 U.S.C. § 1961." *Id.*

10. In opposition, the plaintiffs argued that the defendants' motion should be denied so as to avoid piecemeal litigation and conserve judicial resources. *Id.* The Middle District disagreed, finding that it "need not decide, calculate, or award costs — the Court has already granted the Motion for Costs and the Clerk has already taxed costs." *Id.* The court then granted the motion and directed the clerk to enter a separate judgment for costs plus post-judgment interest. *Id.* at *2.

11. Here, like in *Club Exploria, LLC*, the Defendants have been unsuccessful in their collection efforts thus far and would prefer a standalone judgment indicating the Total Amount of taxable costs so that they may pursue execution under Federal Rule of Civil Procedure 69 if and when such methods become necessary. Moreover, this Court need not decide, calculate, or award costs, as it has already entered the Order finding and awarding same.

## CONCLUSION

12.     For the foregoing reasons, this Court should grant the instant Motion and enter a separate judgment for costs for the Total Amount, including post-judgment interest.

WHEREFORE, the Defendants, NUSRET MIAMI, LLC and NUSRET GOKCE, respectfully request that this Court grant this Motion and enter — or direct the Clerk to enter — a Final Judgment of Taxable Costs against the Plaintiff, MELISSA COMPERE, and in favor of the Defendants for the Total Amount, plus post-judgment interest for the period beginning from May 31, 2020, the date of the Final Judgment, until full payment is satisfied; and, enter any other and additional relief this Court deems necessary, reasonable, equitable, just, and/or proper.

**Dated**:  October 17, 2022

Respectfully submitted,

**Lewis Brisbois Bisgaard & Smith LLP**
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: 954-728-1280
Facsimile: 954-678-4090

/s/
Jonathan A. Beckerman (FBN 568252)
Jonathan.Beckerman@lewisbrisbois.com
Wade G. Williams (FBN 1011478)
Wade.Williams@lewisbrisbois.com
Kimberly.Lowery@lewisbrisbois.com
*Counsel for Defendants,*
*Nusret Miami LLC and Nusret Gokce*

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will automatically send a copy to all counsel of record in this case.